UNITED STATES, Appellee

v

JOE WILLIAMS, Warrant Officer,
U. S. Army, Appellant

18 USCMA 605, 40 CMR 317

*Bobby G. Deaver, Esquire,* and *Captain James E. Higgins* were on the pleadings for Appellant, Accused.

*Major Edwin P. Wasinger, Major R. Kevin McHugh,* and *Captain Salvatore A. Romano* were on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

The accused was convicted by general court-martial convened at Fort Bragg, North Carolina, of one specification of willful disobedience of an order of his superior officer and three specifications of uttering checks with intent to defraud, then knowing that he did not or would not have sufficient funds in or credit with the bank for the payment thereof in full presentment, in violation of Articles 90 and 123a, Uniform Code of Military Justice, 10 USC §§ 890 and 923a, respectively. We granted review to determine the validity of the accused's conviction in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

We are concerned only with the convictions under Article 123a (Charge II) as the "service connection" of the disobedience offense is apparent. O'Callahan v Parker, supra.

The evidence of record reflects that two of the checks, specifications 1 and 2, both in the amount of $50.00, were cashed at the Fort Bragg Consolidated Exchange located *on base* at Fort Bragg, North Carolina. These checks were sent, in the regular course of business, to the First-Citizens Bank and Trust Company. They were returned to the Exchange, unpaid, with the notation "account closed." (Prosecution Exhibit 1.)

Inasmuch as the uttering of these particular checks took place on base, and cashed at the Fort Bragg Consolidated Exchange, a governmental agency on the base, we believe that the offenses were "service connected" with in the meaning of O'Callahan v Parker, supra, and that the court-martial had jurisdiction to try the accused.

The third check, specification 3, presents a different problem. According to the evidence presented to the court-martial, the accused wrote the check (Prosecution Exhibit 7) in the amount of $115.16, payable to Strickland's Portion Pak, to satisfy a grocery account. The owner of the grocery had appeared at the accused's off-base residence and requested payment. When Mr. Strickland personally presented the check to the First-Citizens Bank and Trust Company he was informed that the accused's account had been closed. The check was never processed through the bank. After several unsuccessful attempts to obtain payment from the accused, Mr. Strickland went to a magistrate in Fayetteville, North Carolina, to obtain assistance. About two weeks later the accused redeemed the check from Mr. Strickland, by the payment of cash, in the presence of a deputy sheriff of Cumberland County, North Carolina. Since the original of this check was returned to the accused at that time, a photostat, previously made by Mr. Strickland, was presented in evidence.

The offense of uttering, set forth in specification 3, Charge II, took place in the civilian community and a civilian was victimized thereby. The offense was triable in the courts of North Carolina. Under the rationale of O'Callahan v Parker, supra, this offense was not "service connected" and, hence, the court-martial was without jurisdiction to proceed.

The accused's conviction under specification 3, Charge II, and the sentence, are reversed and the specification is ordered dismissed. The record of trial is returned to the Judge Advocate General of the Army. The Court of Military Review may reassess the sentence on the basis of the remaining findings of guilty.

Judge DARDEN concurs.

QUINN, Chief Judge (concurring in part and dissenting in part):

I would also affirm the findings of guilty of specification 3, Charge II, on the basis of my dissent in United States v Borys, 18 USCMA 547, 40 CMR 259.