UNITED STATES, Appellee

v

JOHNNIE R. ARMES, Private,
U. S. Army, Appellant

19 USCMA 15, 41 CMR 15

No. 22,184

October 10, 1969

*Colonel Daniel T. Ghent, Lieutenant Colonel Charles W. Schiesser,* and *Captain Monte Engler* were on the pleadings for Appellant, Accused.

*Major Edwin P. Wasinger, Major R. Kevin McHugh,* and *Major Warren W. Kaufman* were on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

We granted review in this case to determine the validity of the accused's conviction, by general court-martial, of Charge II and Additional Charge II in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

Each of these offenses involves the theft of an automobile. The specifica-tion in Charge II reflects that a car. property of Francis R. Glascock, was stolen sometime after midnight on July 28, 1967, from the parking lot of the Nite N'Gale Restaurant, Highwood, Illinois. The record reflects that Glascock, a retired Army Major employed at Fort Sheridan, Illinois, resided two doors from the restaurant and frequently parked his car overnight in the lot. He learned the next morning from

the Highwood police, that the car was in Terre Haute, Indiana, in a damaged condition. The owner had not previously known of the theft and was not then acquainted with the accused.

An officer of the Terre Haute police department arrested the accused and charged him with leaving the scene of an accident and driving without an operator's license. At the time of his arrest the accused was wearing military fatigues and stated that he had borrowed the car from the owner, whose automobile registration card he displayed to the officer at the latter's request.

According to the specification of Additional Charge II, an automobile belonging to Nicholas Nero was stolen from its parking place behind the owner's residence in Lake Forest, Illinois. The next morning the owner was informed by the Lake Forest police that the car was in Kentland, Indiana.

The accused was arrested for speeding at Kentland, Indiana, by an officer of the Indiana State police.

Both of the cars involved were 1964 Chevrolets which can be operated without a key if the ignition is in the *off* as opposed to the *locked* position. On the occasion of the first theft, the accused was absent without leave from the Special Processing Detachment, Fort Sheridan, Illinois. On the day of the second theft, the accused was also absent without leave, having that day escaped from confinement in the Center Brig, Great Lakes Naval Training Center, Great Lakes, Illinois.

There is no evidence in this record that these offenses had any military significance other than the status of the accused as a member of the armed forces. The courts of the State of Illinois have cognizance of these offenses and, in view of the subsequent interstate transportation of the vehicles, the accused was also triable in the Federal district courts under Title 18, United States Code, § 2312. The court-martial was without jurisdiction to proceed thereon. O'Callahan v Parker, supra; United States v Borys, 18 USCMA 547,

40 CMR 259; United States v Crapo, 18 USCMA 594, 40 CMR 306; United States v Prather, 18 USCMA 560, 40 CMR 272.

The fact of ownership of one of the automobiles by a retired major, who was also employed at Fort Sheridan, is a happenstance that, under the facts of this case, has no military significance. Likewise, the wearing of the fatigue uniform at the time of arrest and the commission of these offenses while absent without leave or to facilitate an escape from confinement, does not, under these circumstances, confer jurisdiction on the court-martial. Whether they would under other circumstances must be left to a later determination.

The findings of guilty of Charge II and Additional Charge II are reversed and the charges and their specifications are ordered dismissed. The record of trial is returned to the Judge Advocate General of the Army. The Court of Military Review may reassess the sentence on the basis of the remaining findings of guilty or a rehearing on sentence may be ordered.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

Wearing the uniform distinguishes the wearer as a member of the armed forces. It is so manifest and so significant a circumstance of military association that Congress has forbidden the wearing, without authority, of the "uniform or a distinctive part thereof . . . of any of the armed forces of the United States." 18 USC § 702. Committing an offense against a civilian while wearing the uniform can be an act to the discredit of the armed forces. Implicit recognition of this fact appears in the Supreme Court's special mention in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), that the defendant was wearing civilian clothes at the time of the commission of his crimes.

In my opinion, wearing fatigues, the work uniform of the military, is the same as wearing the dress uniform insofar as the wearer's public conduct

tends to discredit the armed forces. See United States v Peak, 19 USCMA 19, 41 CMR 19. For this reason and for the reasons set out in my dissent in United States v Borys, 18 USCMA 547, 40 CMR 259, I would affirm the findings of guilty of Charge II and Additional Charge II.