UNITED STATES, Appellee

v

GARY PEAK, Private, U. S. Army, Appellant

19 USCMA 19, 41 CMR 19

*Colonel Daniel T. Ghent, Major John Wall Hanft,* and *Captain Karl J. Uebel* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel David Rarick, Major Edwin P. Wasinger, Major William A. Pope, II,* and *Captain John C. Lenahan* were on the pleadings for Appellee, United States.

## Opinion

DARDEN, Judge:

A general court-martial tried the accused on September 4, 1968, on two specifications of absence without leave, escape from confinement, and wrongful appropriation of a motor vehicle, in violation of Articles 86, 95, and 121, Uniform Code of Military Justice, 10 USC §§ 886, 895, and 921, respectively. The accused pleaded guilty and the court found him guilty as charged of all charges and specifications. He was sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for four years. The convening authority approved only so much of the sentence as provides for dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for two years. The then Army board of review affirmed the findings and sentence.

On the basis of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), the accused challenges the jurisdiction of the court-martial to try him for the offense of wrongful appropriation of a motor vehicle, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. This Court granted review on that issue.

The record shows that the accused committed the offense of wrongfully appropriating a vehicle only a short time after he escaped from the post stockade at Fort Leonard Wood, Missouri, where, in addition to serving post-trial confinement from a previous conviction, he was awaiting trial on two charges of absence without leave. After going through a hole in the stockade fence with another prisoner, the accused proceeded to a used-car lot near Fort Leonard Wood, in Waynesville, Missouri. He was dressed in a fatigue uniform. When questioned by the salesman with whom he discussed the purchase of a car, the accused identified himself and his military unit. The salesman permitted the accused to take the car for a test drive. The accused never returned the car and was apprehended several hours later by the Missouri State Highway Patrol. Still later that day, he was turned over to military authorities as an "escapee, Fort Leonard Wood, Missouri."

It appears that the accused's military standing facilitated his deception of the automobile salesman and permitted him to misappropriate the vehicle. It seems reasonable to assume that when the used-car salesman gave permission for the accused to test drive the car, he attributed some reliability to the accused as a result of the latter's identification by his military fatigues as a member

of the armed forces. Such an abuse of a military status is likely to influence the extent of confidence by the public in members of the armed forces. We believe the impact of such an abuse is direct and substantial enough to provide the requisite service-connection for the armed forces to exercise jurisdiction over this offense. Cf. United States v Morisseau, 19 USCMA 17, 41 CMR 17.

Accordingly, the decision of the board of review is affirmed.

QUINN, Chief Judge (concurring in the result):

I concur in the result. See my dissent in United States v Armes, 19 USCMA 15, 41 CMR 15.

FERGUSON, Judge (dissenting):

I dissent.

In United States v Armes, 19 USCMA 15, 41 CMR 15, a majority of this Court held that the theft of a civilian-owned automobile from a location in the civilian community was not "service connected" within the meaning of O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), even though the accused had, the day of the theft, escaped from lawful military confinement. The facts of this case are practically identical to *Armes* with one exception, an exception which my brothers deem is sufficient to clothe a court-martial with jurisdiction over the offense—the accused was wearing his military fatigue uniform at the time he obtained permission to test drive the automobile, thereby facilitating his deception of the salesman. Such a circumstance, they believe, is an abuse of military status, likely to influence the extent of confidence by the public in members of the armed forces and, as such, substantial enough to provide the requisite service-connection for the armed forces to exercise jurisdiction over this offense. I disagree.

The accused in this case was charged under Article 121, Uniform Code of Military Justice, 10 USC § 921 (Additional Charge II), with the wrongful appropriation of an automobile. It is apparent from the specification that the offense was committed in the civilian community and against civilians. It was cognizable in the local courts. The manner in which the offense was committed is not set forth in the specification, nor need it be, for it is not an element of the offense. As this Court said in United States v Buck, 3 USCMA 341, 343, 12 CMR 97:

"By enacting Article 121(a), *supra,* Congress eliminated the oftimes subtle and confusing distinctions previously drawn between common law larceny, embezzlement, and false pretenses. United States v Aldridge, 2 USCMA 330, 8 CMR 130, decided March 24, 1953; United States v Norris, 2 USCMA 236, 8 CMR 36, decided February 27, 1953."

The fact that the accused was in uniform or made representations as to his military status is simply irrelevant insofar as the wrongful appropriation of this car is concerned. How then can it be said that this is a factor to be considered in determining the question of jurisdiction.

This was not an offense involving the use or misuse of the uniform, nor was the offense *charged,* under Article 134, Code, supra, 10 USC § 934, as being "of a nature to bring discredit upon the armed forces" which might be the case where public confidence in the armed forces is an element of the offense. However, offenses chargeable under Article 134 are exclusive of those specified in other sections of the Code. A violation of Article 121 is not, at the same time, a violation of Article 134. United States v Norris, 2 USCMA 236, 8 CMR 36. Cf. United States v Johnson, 3 USCMA 174, 11 CMR 174; United States v Rowe, 13 USCMA 302, 32 CMR 302. The fact of discredit upon the armed forces plays no part in any criminal conduct, no matter how heinous, except where the offense is properly chargeable under Article 134. It cannot, therefore, be used as a vehicle to grant military jurisdiction over an offense which is not otherwise "service connected." O'Callahan v Parker, supra.

I would reverse the accused's conviction for wrongful appropriation of the automobile (Additional Charge II) and dismiss the charge and its specification. I would also reverse the sentence and order a rehearing on the remaining offenses which are service-connected.