UNITED STATES, Appellee

v

MICHAEL R. SHARKEY, Private First Class, U. S. Marine Corps, Appellant

19 USCMA 26, 41 CMR 26

No. 22,248

October 10, 1969

*Commander E. M. Fulton, Jr.,* JAGC, USN, was on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche,* USMC, *Lieutenant Colonel Charles J. Keever,* USMC, and *Captain Lester G. Fant, III,* USMCR, were on the pleadings for Appellee, United States.

Opinion of the Court

FERGUSON, Judge:

Tried by special court-martial convened at Camp Lejeune, North Carolina, upon a number of charges, including the specification with which we are concerned below, the accused pleaded guilty and was duly convicted. Based upon the totality of the offenses, he was sentenced to bad-conduct discharge, forfeiture of $90.00 per month

26

for six months, and confinement at hard labor for six months. The convening authority reduced the period of confinement and forfeitures to four months, but otherwise approved the sentence. The supervisory authority and the board of review affirmed. Accused's petition for review was granted on the sole issue whether the offense of drunk and disorderly in uniform in a public place may, under the doctrine of O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), be tried by court-martial.

The record, in view of accused's plea, is devoid of any evidence regarding the circumstances surrounding the commission of the offense under scrutiny. The plea, however, amounts to a judicial confession of the allegations in the specification, and we are able to derive from its four corners sufficient information on which to act in the premises. We nevertheless point out to counsel below the considerable assistance which may be derived on appeal from stipulations of fact regarding the circumstances of a particular offense, as well as the enlightenment thereby afforded the sentencing body below in performing its function of adjudging a just penalty. Be that as it may, the lack of such proof here does not affect our ability to answer the proposition presented.

The specification alleges that accused "was, at San Juan, Puerto Rico, on or about 30 October 1968, drunk and disorderly in uniform in a public place, to wit: Old City Club, San Juan, Puerto Rico." From these averments, and accused's plea admitting their truth, we gain the information that Sharkey, dressed in the uniform of a United States Marine, was both intoxicated and disorderly while in a public place, presumably off post in San Juan, Puerto Rico.

O'Callahan v Parker, supra, declares that an offense must be "service connected" in order to be tried by court-martial. The limitation was imposed "lest 'cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger,' as used in the Fifth Amendment, be expanded to deprive every member of the armed services of the benefits of an indictment by a grand jury and a trial by a jury of his peers." Id., at page 272. Conceding the "catalogue of cases put within reach of the military is indeed long," the Court saw "no way of saving to servicemen and servicewomen in any case the benefits of indictment and of trial by jury, if we conclude that this petitioner was properly tried by court-martial." Id., at page 273.

The purpose of O'Callahan v Parker, supra, is thus made clear by the Supreme Court — to preserve the rights of an individual service member to indictment and trial in the case of traditional civil-type offenses, in which there is no "service connection," leaving for military disposition the usual military crimes and such other delicts as may be found "to have directly offended against the government and discipline of the military state." Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, pages 723–724, cited with approval in O'Callahan v Parker, supra, footnote 19, page 274.

It is important to read *O'Callahan*, supra, not by rote, but with an eye to the important constitutional protections which it sought to preserve to the soldier-accused. Thus, it specifically dealt with a civil-type offense, which, if left to military jurisdiction, would offer "no way of saving to servicemen and servicewomen in any case the benefits of indictment and of trial by jury." *O'Callahan*, supra, at page 273. Here, however, we are confronted with a petty military offense, one punishable by confinement at hard labor for six months and forfeiture of two-thirds pay per month for a like period. Manual for Courts-Martial, United States, 1951, paragraph 127c.[1]

It has long been held that an accused is not constitutionally entitled to indictment or trial by jury for petty

---

[1] The punitive discharge in the present case is based on the other charges in the case, which present no jurisdictional question.

offenses. District of Columbia v Clawans, 300 US 617, 81 L Ed 843, 57 S Ct 660 (1937); Duncan v Louisiana, 391 US 145, 20 L Ed 2d 491, 88 S Ct 1444 (1968); Bloom v Illinois, 391 US 194, 20 L Ed 2d 522, 88 S Ct 1477 (1968). Indeed, in Cheff v Schnackenberg, 384 US 373, 16 L Ed 2d 629, 86 S Ct 1523 (1966), the Supreme Court recognized that an offense punishable by penalties up to six months did not require a jury trial. And, in Duncan v Louisiana, supra, the Court declared it had no disposition to interfere with their summary disposition, noting, at page 160:

". . . So-called petty offenses were tried without juries both in England and in the Colonies and have always been held to be exempt from the otherwise comprehensive language of the Sixth Amendment's jury trial provisions. There is no substantial evidence that the Framers intended to depart from this established common-law practice, and the possible consequences to defendants from convictions for petty offenses have been thought insufficient to outweigh the benefits to efficient law enforcement and simplified judicial administration resulting from the availability of speedy and inexpensive nonjury adjudications."

So, too, does the efficient administration of our national defense demand provision for the speedy and summary disposition of minor offenses by courts-martial. Military forces are transitory in nature. Either the military body or the individual members must, by the nature of things, be available for movement. Thus, it is a matter of some consequence to permit it to dispose of petty charges against its members, thereby clearing them for future service after punishment, rather than to leave the matter to often slow and unwieldly local procedures.

At the same time, the accused loses no constitutional right through military trial, for, as we have seen, he is not entitled to indictment or trial by jury in the case of petty crimes. As was noted in O'Callahan, supra, "The catalogue of cases put within reach of the military is indeed long," and we are of the view that it encompasses the trial of those petty offenses, for which, in civil life, the accused would not be entitled to the constitutional protections of indictment and jury trial.

As the accused's offense of drunk and disorderly in uniform in a public place falls within that category, the court-martial below clearly had jurisdiction to try him.

The decision of the board of review is affirmed.

Judge DARDEN concurs.

QUINN, Chief Judge (concurring in the result):

Three previous convictions increase the punishment for any offense in the military service to a dishonorable discharge and confinement at hard labor for one year; two previous convictions authorize a bad-conduct discharge. See Manual for Courts-Martial, United States, 1969 (Revised Edition). I doubt, therefore, that any offense can, abstractly, be described as minor. I need not, however, consider the effect of these provisions on this particular offense in this particular case. In my opinion in United States v Armes, 19 USCMA 15, 41 CMR 15, I indicated that wearing the uniform in the commission of an act proscribed by the Uniform Code of Military Justice imparts military significance to the act for the purpose of subjecting the accused, as a member of the military, to court-martial jurisdiction. On that basis I join in the result reached in the principal opinion.