UNITED STATES, Appellee

v

JAMES E. FRAZIER, Private First Class, U. S. Marine Corps, Appellant

19 USCMA 40, 41 CMR 40

*Captain Michael I. Walling,* USMCR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever,* USMC, was on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

Convicted of several offenses on his plea of guilty, the accused petitioned for review of whether his conviction of forgery under Charge II, specification 1, is valid in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). Because nothing in that opinion suggests that service-connection cannot be judged on the basis of whether the acts constituting the offense also establish service-connection, we look to the pertinent facts. Cf. United States v Morisseau, 19 USCMA 17, 41 CMR 17.

The offense in question involves a stolen United States Treasury paycheck No. 3,647,944, in the amount of $117.00, payable to the order of P. J. Crowe, endorsed in the name of the payee and Frazier, and cashed by the accused at the Eastern Greyhound Lines Bus Terminal, New York, New York. Because of the guilty plea, the record of trial is devoid of facts other than a mitigating statement by the accused that does not take up the specifics of the offense. Accompanying allied papers show, however, that the check was cashed after the accused had told the Assistant Terminal Manager that he had run out of cash and " 'had no way to get back to base that night' " and that he had the check of " 'a fellow service man' " who had endorsed the instrument over to the accused because he owed the latter money. After Frazier showed his service identification card the check was "O.K.'d" for cash.

Where the accused's military standing facilitates the deception of his intended victim and permits him to obtain his desired goal the resulting offense is "service connected" within the meaning given that term by the Supreme Court in O'Callahan v Parker, supra, and is triable by courts-martial. United States v Peak, 19 USCMA 19, 41 CMR 19; United States v Morisseau, supra. The record shows this forgery to be an example.

It further appears that Frazier's forgery is service-connected for another reason. Crowe, who suffered an apparent legal prejudice as the payee, is a Marine Corps Sergeant. Because of the possible consequences flowing from the accused's act, his relationship to the Sergeant can be likened to that of a thief and is, therefore, "service connected." O'Callahan v Parker, supra; United States v Rego, 19 USCMA 9, 41 CMR 9; United States v Camacho, 19 USCMA 11, 41 CMR 11.

Accordingly, we affirm the decision of the board of review.

QUINN, Chief Judge (concurring in the result):

I concur in the result. See my opinion in United States v Morisseau, 19 USCMA 17, 41 CMR 17.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

We granted review in this case to determine the validity of the accused's conviction for forgery (specification 1, Charge II) by general court-martial in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

The other offenses of which the accused was convicted, theft of six paychecks of other servicemen and forgery of five of these same checks, were, in our opinion, "service-connected." O'Callahan v Parker, supra; United States v Williams, 18 USCMA 605, 40 CMR 317. The military interest in these larcenies and forgeries stems from the fact that the six checks were stolen from various squadron offices located on the base at Cherry Point, North Carolina, and that the five forgeries took place in the Marine Corps Exchange also on base at Cherry Point. They were, therefore, triable by court-martial. United States v Williams, supra.

The sixth stolen paycheck, United States Treasury check # 3,647,944, in the amount of $117.00, payable to the order of P. J. Crowe, was cashed at Eastern Greyhound Lines Bus Terminal, New York City, New York. It was endorsed in the name of the payee and of the accused. According to the evidence of record, the accused told the assistant terminal manager that the check had been signed over to him by the payee due to the fact that the latter owed him money. When Frazier displayed his military identification card and the check was approved for cashing, he purchased a one-way ticket to Cherry Point, North Carolina, with the proceeds.

We deal only with the forgery of this check (specification 1, Charge II), as the *theft* of this check, as noted above, was the subject matter of a separate specification of larceny. The two offenses are separately proved and punishable. Cf. United States v Weaver, 13 USCMA 147, 32 CMR 147. Since the offense specified herein comes within the purview of Title 18, § 471, United States Code, it is an offense cognizable in the district courts of the United States. The forgery was perpetrated in the civilian community and a civilian was victimized thereby. In my opinion, the record of trial discloses no circumstances surrounding the commission of the offense of forgery to relate it specifically to the military. Lacking the necessary "service connection," the offense was not, therefore, triable by court-martial. O'Callahan v Parker, supra. See also United States v Borys, 18 USCMA 547, 40 CMR 259.

The author of the principal opinion finds a "service connection" on the theory that the accused's *military standing* facilitated the deception of his intended victim and permitted him to obtain his desired goal. He also believes that since the stolen check was made payable to a Marine sergeant, the consequences flowing from the accused's act was also "service connected" on the grounds that the check was stolen from another serviceman.

Reliance on one's *status* as a serviceman is not an element of the offense of forgery. The matter is simply irrelevant to the charge. It cannot be the vehicle for conferring jurisdiction on a court-martial anymore than the *status* of the accused in *O'Callahan, Borys,* or *Williams* conferred jurisdiction in those cases.

An offense which reflects discredit upon the armed forces is properly chargeable *only* under Article 134 of the Code. Offenses chargeable under that Article are exclusive of those specified in other sections of the Code. Forgery is defined in Article 123. A violation of that Article is not at the same time a violation of Article 134. United States v Norris, 2 USCMA 236, 8 CMR 36. Cf. United States v Johnson, 3 USCMA 174, 11 CMR 174; United States v Rowe, 13 USCMA 302, 32 CMR 302. The fact of discredit upon the armed forces plays no part in any criminal conduct, no matter how heinous, except where the offense lies only under Article 134. It can-

not, therefore, be used as a vehicle to grant military jurisdiction over an offense which is not otherwise "service connected." O'Callahan v Parker, supra. See also my dissent in United States v Morisseau, 19 USCMA 17, 41 CMR 17; and United States v Peak, 19 USCMA 19, 41 CMR 19.

With reference to the theft of the check of another serviceman being "service connected," it should be pointed out this theft was included among the six specifications of larceny of which the accused was convicted, as noted above. It, too, is no part of the element of the offense of forgery. The victim of this forgery was not the Marine sergeant, the payee of the check, but the Greyhound Bus Company, whose representatives cashed the check.

I would reverse the accused's conviction for this forgery (specification 1, Charge II) and the sentence and order the specification dismissed. I would also direct that a rehearing on sentence on the basis of the remaining findings of guilty may be ordered.