UNITED STATES, Appellee

v

CHARLES W. FRYMAN, Private, U. S. Marine Corps, Appellant

19 USCMA 71, 41 CMR 71

*Captain Frank A. Nelson*, JAGC, USN, was on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche*, USMC, and *Lieutenant Thomas F. Bastow*, JAGC, USNR, were on the pleadings for Appellee, United States.

## Opinion

DARDEN, Judge:

On his plea of guilty, the accused was convicted by a general court-martial at Camp Lejeune, North Carolina, of various offenses including one of dishonorably failing to pay a debt, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934 (Charge III, specification 3). His sentence now consists of a bad-conduct discharge—reduced by the convening authority from a dishonorable discharge—total forfeitures, and confinement at hard labor for two years. The question before this Court is whether the court-martial had jurisdiction over the offense alleged in Charge III, specification 3, in light of the Supreme Court's opinion in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). We believe that it did.

The specification in question alleges in part that the accused "being indebted to the Harrison Hotel, Indianapolis, Indiana in the sum of $203.13 . . . did, at the Harrison Hotel, Indianapolis, Indiana, wrongfully and dishonorably fail to pay said debt." Because of the guilty plea the trial record is barren of facts. The accompanying pretrial investigation papers, however, reveal that Private Fryman registered at the Hotel as George W. Harrison, wearing the uniform and insignia of a First Lieutenant, replete with service medals and ribbons. In the guise of a Marine officer he was able to run up his bill by charging meals, drinks, telephone calls, and similar expenses. When asked to pay, he informed the management that he was on temporary duty in the city and had over $600.00 in back pay due him.

When military rank is the moving force, as it was here, in the victimizing of the civilian community the offense committed is service-connected within the meaning of O'Callahan v Parker, supra. The court-martial, therefore, had jurisdiction to try the case. United States v Peak, 19 USCMA 19, 41 CMR 19; United States v Morisseau, 19 USCMA 17, 41 CMR 17; United States v Hallahan, 19 USCMA 46, 41 CMR 46.

We are aware that not all offenses that might be service discrediting under Article 134, Uniform Code of Military Justice, are service-connected under O'Callahan v Parker, supra. But we think that some service-discrediting offenses may still have enough impact upon military reputation that there is a justifiable basis for the continued exercise of court-martial jurisdiction and that such jurisdiction is not ousted by the mere charging of the offense under Article 134. We also recognize that under the holding in *O'Callahan* mere status as a member of the armed forces no longer is enough to sustain congressional extension of court-martial jurisdiction.

But in this case we think it is not status alone but the positive misuse of the status to secure privileges or recognition not accorded others that causes the armed forces to have a substantial interest in punishing the abuse lest innocent members suffer.

Accordingly, the decision of the board of review is affirmed.

Judge FERGUSON concurs in the result.

QUINN, Chief Judge (concurring in the result):

I concur in the result for the reasons set out in my dissent in United States v Borys, 18 USCMA 547, 40 CMR 259.