UNITED STATES, Appellee

v

TERRY WAYNE HAAGENSON, Airman Recruit,
U. S. Navy, Appellant

19 USCMA 332, 41 CMR 332

No. 22,369

March 20, 1970

*Lieutenant James S. Bailey, Jr.*, JAGC, USNR, argued the cause for Appellee, Accused. With him on the brief was *Captain Michael I. Walling*, USMCR.

*Lieutenant Thomas J. Donegan, Jr.*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Charles J. Keever*, USMC, and *Lieutenant Colonel Lawrence G. Bohlen*, USMC.

Opinion of the Court

QUINN, Chief Judge:

This is an appeal from a conviction by special court-martial for a number of offenses in violation of the Uniform Code of Military Justice,

The first question for our consideration is whether the charges alleging the making and uttering of bad checks, under circumstances violative of Article 123a, Code, supra, 10 USC § 923a, were

triable by court-martial. See O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). We reviewed the question in United States v Peterson, 19 USCMA 319, 41 CMR 319 (1970). For the reasons specified ▮▮▮▮▮ ▮ in the opinion in that case, we conclude the accused was properly tried for the checks in regard to which he identified himself as a member of the United States Navy by including his service number and, in some instances, his military organization, with his signature, as alleged in specifications 3, 4, 7, 8, 9, 10, 11, and 12, Charge III.[1] The checks set out in specifications 1, 2, 13, and 14, bear only the accused's signature. These checks were issued to civilian business establishments in the civilian community and there is no evidence of a connection between the accused's acts and the military; in these circumstances, the accused's acts were not triable by court-martial. United States v Williams, 18 USCMA 605, 40 CMR 317 (1969).

Two purported deficiencies in the instructions in regard to the sentence are the basis for other assignments of error. In the first, appellate defense counsel contend that the president erred to the accused's prejudice by instructing the court members that while the making and uttering of each check constituted a single offense for the purpose of punishment, the members could consider the uttering "offenses" as aggravating matter. See United States v Marine, 17 USCMA 460, 38 CMR 258 (1968); cf. United States v Posnick, 8 USCMA 201, 24 CMR 11 (1957). Whether description of the act of uttering as an "offense" in aggravation as distinguished from a "fact" in aggravation was error and, if error, whether it was prejudicial in light of the other instructions, need not detain us. Reversible error is apparent ▮▮▮▮▮ ▮ in the president's failure to instruct the court members as to the procedure for voting on the sentence. United States v Johnson, 18 USCMA 436, 40 CMR 148 (1969); United States v Smith, 18 USCMA 607, 40 CMR 319 (1969).

The decision of the board of review is reversed. The findings of guilty of specifications 1, 2, 13, and 14, Charge III, are set aside and those specifications are ordered dismissed. The sentence is set aside, but a rehearing thereof may be ordered.

Judge DARDEN concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I agree with my brothers that the findings of guilty of specifications 1, 2, 13, and 14, of Charge III, must be set aside and ordered dismissed since the offenses charged therein were not service-connected within the meaning of O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). See also United States v Williams, 18 USCMA 605, 40 CMR 317 (1969). I also agree with their disposition of the issues concerning the president's instructions on multiplicity and his lack of proper instruction on voting procedure. United States v Johnson, 18 USCMA 436, 40 CMR 148 (1969).

However, I disagree with their finding of service-connection in specifications 3, 4, 7, 8, 9, 10, 11, and 12, Charge III, simply because the checks in question included the accused's service number and in some instances a designation as to his military organization.

The checks in question in these specifications as in those ordered dismissed by the majority were all cashed off base. It is simply pure speculation to assume that the inclusion of the accused's service number or the identity of his military organization on the checks aided the accused in victimizing the various payees. There is no evidence of this fact in the record and, in my opinion, such a presumption is wholly unwarranted. But even were it

---

[1] Review was denied as to specifications 5 and 6, Charge III, because the acts were committed within the geographical area of the Naval Air Station, Millington, Tennessee. See United States v Williams, 18 USCMA 605, 40 CMR 317 (1969).

só, reliance on one's *status* as a serviceman is not an element of the offenses of making and uttering a false instrument. The matter is simply irrelevant to the charge. It cannot be the vehicle for conferring jurisdiction on a court-martial any more than the status of the accused in *O'Callahan* and *Williams,* both supra, conferred jurisdiction in those cases. See also United States v Borys, 18 USCMA 547, 40 CMR 259 (1969).

The same issue was before this Court in United States v Hallahan, 19 USCMA 46, 41 CMR 46 (1969), where I expressed my dissent to that view. What I said in *Hallahan,* at pages 48 and 49, is equally applicable here:

"The apparent rationale behind the use of this factor for affirmance is that it reflects discredit upon the armed forces. But discredit upon the armed forces is properly chargeable *only* under Article 134, Code, supra, 10 USC § 934. Offenses chargeable under that Article are exclusive of those specified in other sections of the Code. Uttering of a false instrument is defined in Article 123, Code, supra, 10 USC § 923. A violation of that Article is not at the same time a violation of Article 134. United States v Norris, 2 USCMA 236, 8 CMR 36. Cf. United States v Johnson, 3 USCMA 174, 11 CMR 174; United States v Rowe, 13 USCMA 302, 32 CMR 302. The fact of discredit upon the armed forces plays no part in any criminal conduct, no matter how heinous, except where the offense lies under Article 134. It cannot, therefore, be used as a vehicle to grant military jurisdiction over an offense which is not otherwise 'service connected.' O'Callahan v Parker, supra. See also my dissents in United States v Morisseau, 19 USCMA 17, 41 CMR 17; United States v Peak, 19 USCMA 19, 41 CMR 19.

"The uttering of a false instrument *in the civilian community* is essentially a concern of the State. Congressional power to proscribe criminal conduct in this area is limited. United States v Fox, 95 US 670, 672, 24 L Ed 538 (1878); cf. Screws v United States, 325 US 91, 109, 144, 145, 89 L Ed 1495, 1506, 1525, 1526, 65 S Ct 1031 (1945). Since the *status* of a serviceman, standing alone, is insufficient to vest a court-martial with jurisdiction over a particular offense (O'Callahan v Parker, supra, 395 US, at page 267), I do not believe that reliance on that same status is sufficient to justify the incursion of Federal authority into a matter which is primarily the concern of the State. See my separate opinion in United States v Nichols, 19 USCMA 43, 41 CMR 43."

I would reverse the decision of the board of review as to specifications 1 through 4, and 7 through 14, Charge III, set them aside and order them dismissed. I would also reverse the decision as to sentence and direct that a rehearing thereon may be ordered based on the remaining findings of guilty.