UNITED STATES, Appellee,

v.

Charles S. UHLMAN, Airman First Class, U.S. Air Force, Appellant.

No. 30,635.

U. S. Court of Military Appeals.

May 14, 1976.

*Major Byron D. Baur* argued the cause for Appellant, Accused. With him on the brief were *Colonel Jerry E. Conner* and *Major Issac D. Benkin.*

*Colonel Julius C. Ullerich, Jr.,* argued the cause for Appellee, United States. With him on the brief was *Colonel C. F. Bennett.*

OPINION OF THE COURT

FLETCHER, Chief Judge:

Evidence of the accused's purchase of $91.20 worth of tools from an Aurora, Colorado auto supply company near Lowry Air

Force Base with a forged check which he previously had stolen from a fellow airman's automobile formed the basis for Airman Uhlman's conviction by special court-martial for larceny of the personal check and forgery of the larceny victim's signature onto the stolen instrument.

Appellant now challenges the Air Force's jurisdiction to try him for the forgery charge asserting that the offense was not "service-connected." *See United States v. Frazier*, 19 U.S.C.M.A. 40, 41, 41 C.M.R. 40, 41 (1969) (Ferguson, J., dissenting). *See also Relford v. Commandant*, 401 U.S. 355, 365, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). Such a conclusion is warranted, according to the defense, since the appellant was off duty, off base, and out of uniform at the time of the commission of the offense. In addition, appellant stresses that the check was a personal instrument drawn on a civilian bank. Although acknowledging that "a degree of reliance on the appellant's military status" accompanied the auto supply dealer's decision to accept the check in payment for the tools, appellate defense counsel urge that such a factor is irrelevant since the offense charged was forgery of the larceny victim's signature rather than uttering a forged instrument. *Compare* Article 123(1), Uniform Code of Military Justice, 10 U.S.C. § 923, *with* Article 123(2), UCMJ. The defense thus draws a distinction, with which we agree, between a forgery offense in which an accused is punished solely for falsely making a signature and an uttering offense in which an accused uses his military status in some way to facilitate the transformation of a forged negotiable instrument into cash or other goods or services.[1]

The Government nevertheless urges that, even though the *Relford* factors may differ for forgery and uttering a forged instrument, the jurisdictional result remains the same. This follows, according to Government counsel, since the forgery offense here while not requiring military influence to accomplish, did operate to the monetary detriment of a "military victim" much like a larceny offense. *See United States v. Frazier, supra; United States v. Rego*, 19 U.S.C.M.A. 9, 41 C.M.R. 9 (1969). We find no support for the Government's position in the laws of Colorado. The Colorado Commercial Code has adopted the Uniform Commercial Code rule that, with regard to commercial paper, an unauthorized signature is inoperative as that of the person whose name is signed absent ratification. Section 4–3–404(1), CRS 1974. Thus, the victim of the forgery offense was either the auto supply dealer or the bank, both of which were civilian enterprises, but not the airman whose signature was forged onto the stolen check. *See United States v. Frazier, supra* at 41 (Ferguson, J., dissenting); *cf. United States v. Morisseau*, 19 U.S.C.M.A. 17, 18, 41 C.M.R. 17, 18 (1969) (Ferguson, J., concurring in part and dissenting in part).

Applying the list of 12 factors enunciated in *Relford* to resolve the military jurisdiction question before us, we find that all 12 factors weighing in favor of trial by a civilian tribunal are met. The accused properly was absent from the base. The crime was committed away from the base. Its commission took place at a location not under military control. Its commission was within the United States rather than an occupied zone or foreign country. Its commission was in peacetime. There is no connection between the appellant's military duties and the crime. There was no military victim. There is present and available a civilian court in which the case can be prosecuted. There exists no flouting of military authority, nor is there a threat to the security of a military installation. There is no violation of military property, and the offense is among those traditionally prosecuted in civilian courts. *Relford v. Com-*

---

1. *United States v. Morisseau*, 19 U.S.C.M.A. 17, 41 C.M.R. 17 (1969), is overruled as being in error in drawing no analytical distinction between forgery and uttering a forged instru-

ment. We express no opinion as to whether use of military status is alone sufficient to breathe jurisdiction into an uttering offense.

*mandant, supra* 401 U.S. at 365, 91 S.Ct. 649.

The forgery charge is ordered dismissed for lack of jurisdiction. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the Court of Military Review for reassessment of the sentence.

Senior Judge FERGUSON concurs.

COOK, Judge (dissenting):

I disagree with the principal opinion for two reasons.

First, I regard the offense as a crime against a fellow airman. Colorado law as to the civil liability of the person whose signature is forged to a commercial instrument is, in my opinion, entirely immaterial to this issue. In military law, as in the civilian criminal law, actual legal liability of the person whose signature is forged to a document is not required; all that is necessary is that legal liability would "apparently" result if the signature were genuine. Article 123, Uniform Code of Military Justice, 10 U.S.C. § 923. In my opinion, therefore, jurisdiction is present because the offense was committed against another service person.

Secondly, whatever deficiency of articulation of analysis there may be in *United States v. Morisseau*, 19 U.S.C.M.A. 17, 41 C.M.R. 17 (1969), as asserted in the principal opinion, I agree with the law it applied to the facts of record. The accused in *Morisseau* had identified himself as a member of the military before he endorsed the check in the name of the payee. As to his signature, therefore, Morisseau's military status was an "obvious and emphasized" circumstance that imparted apparent validity to it. *Id.* at 18, 41 C.M.R. at 18, *commenting on United States v. Peak*, 19 U.S.C.M.A. 19, 41 C.M.R. 19 (1969). In this case, the accused admitted during the inquiry into the providence of his plea of guilty that he had been asked for military identification. The circumstances of the transaction are described by appellate defense counsel as demonstrating that "the filling in of the check . .

occurred . . . contemporaneously with its utterance." I am satisfied that here, as in *Morisseau*, the accused's military status was as important a factor in giving apparent genuineness to his signature as it was to the utterance of the check, especially as the payee imprint on the check showed his address as Lowry Air Force Base, Colorado.

For the reasons indicated, I would affirm the decision of the United States Air Force Court of Military Review.