**UNITED STATES**

v.

**Private (E–2) James R. HENDERSON, 360–46–6485, US Army, Company A, 1st Battalion (Mechanized), 22d Infantry, 4th Infantry Division (Mechanized), Fort Carson, Colorado.**

**SPCM 11671.**

U. S. Army Court of Military Review.

Sentence Adjudged 22 Sept. 1975.

Decided 8 Nov. 1976.

Appellate Counsel for the Accused: CPT D. David Hostler, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Nancy M. Giorno, JAGC; CPT William A. Poore, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

OPINION OF THE COURT

COOK, Senior Judge:

Appellant was tried by a judge alone special court-martial for forgery, a violation of Article 123, Uniform Code of Military Justice (UCMJ). (10 U.S.C. § 923). He was found guilty in conformity with his plea and sentenced as noted above.

As at trial, appellant here challenges the jurisdiction of the court based upon the *O'Callahan* decision [1] because his act of forgery occurred in Colorado Springs, Colorado.

On or about 1 April 1975, appellant innocently received a government check made out to N. J. Henderson. He took it to a bank in Colorado Springs, Colorado to deposit in his account. On arrival, and before he indorsed it, he noted for the first time the discrepancy between his own first and middle initials, *i. e.*, J. R. and those on the check. Recognizing at that point that the check did not belong to him, appellant nevertheless endorsed the check "N. J. Henderson." It is this false making for which he was charged and with which we are concerned.

This case is almost a mirror image of *United States v. Uhlman*, 24 U.S.C.M.A. 256, 51 C.M.R. 635, 1 M.J. 419 (1976) in which the Court in "[a]pplying the list of 12 factors enunciated in *Relford* to resolve the military jurisdiction question   .   .   ."

---

1.   *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969).

found ". . . all 12 factors weighing in favor of trial by a civilian tribunal. . ." The high court thereupon dismissed the forgery charge for lack of jurisdiction.

We find, however, a single factual difference between *Uhlman* and the instant case that we deem to be a critical one. Whereas in *Uhlman* the forged instrument was a personal check, we are dealing here with one issued by the Army Finance office at Indianapolis, Indiana. In the *Uhlman* case as the forgery did not result in a military victim,[2] the court rejected the government's attempt to bottom jurisdiction thereon. Here however we do have a military victim, viz, the US Army, and we opt for a different result.

While we recognize that the mere fact that there is a military victim no longer *ipso facto* confers jurisdiction,[3] we also note the following language from *United States v. Hedlund*, 2 M.J. 11 (17 September 1976) 2 M.J. at page 14:

> "Indeed, the only connection whatsoever in this case between the military and these two charges of concern, other than the military status of the appellant, was the military status of the victim. Under certain unusual circumstances, this factor alone might be enough to cause such a high degree of military interest and concern as to compel jurisdiction in the military to try the accused."

Maintenance of the integrity of the Army's financial system and the preservation of its appropriated funds from unlawful diversion are indubitably of paramount concern to the successful operation of the military establishment.

We hold therefore that the forgery of a US Army issued check is an act of "such a high degree of military interest and concern as to compel jurisdiction in the military."

2. Under Colorado law only the two civilians, (the civilian who accepted the forged check and the bank where the civilian deposited the check), involved in that case would suffer to lose on the forged check and not the serviceman whose name was forged.

The findings of guilty and the sentence are affirmed.

Judge DRIBBEN and Judge DeFORD concur.

3. *See* discussion in *United States v. Moore*, 24 U.S.C.M.A. 293, 294, 52 C.M.R. 4, 5, 1 M.J. 448 (1976).