**UNITED STATES**

v.

**Airman Basic Micheal DeCOSTER, FR 249–27–2891 United States Air Force.**

**ACM 23016.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 1 Oct. 1980.

Decided 12 June 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens, Captain G. Michael Lennon and Captain Roger F. Wicker, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before ARROWOOD, MAHONEY and MILLER, Appellate Military Judges.

## DECISION

ARROWOOD, Senior Judge:

The accused was found guilty by military judge alone of several offenses of larceny from the mails, forgery and absence without leave, violations of Articles 134, 123 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 923, 886.

The facts show that the accused, a member of the Air Force, forced open the mail boxes of several of his fellow service members and took Government checks that had been mailed to them. Two of the checks were income tax refunds, the others were the service member's regular military pay checks. The accused took each check to a different bank where he endorsed it by signing the payee's name. He deposited a portion of the funds from each check into a saving account which he opened in the name of the payee and received the remainder in cash.

■ The accused contends that the military did not have jurisdiction to try him for the forgery offenses because they were not service-connected. To answer this contention we must thoroughly analyze the factors related to jurisdiction and carefully weigh the military interest in deterring such offenses against that of the civilian community. If the interest of the military outweighs that of the civilian community or the distinct military interest can not be vindicated adequately in the civilian courts, the military is permitted to exercise its jurisdiction. *United States v. Trottier,* 9

M.J. 337 (C.M.A.1980); *United States v. Sims*, 2 M.J. 109 (C.M.A.1977); *United States v. Hedlund*, 2 M.J. 11 (C.M.A.1976) and *United States v. Moore*, 1 M.J. 448 (C.M.A.1976).

■ Having carefully balanced the criteria set out in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), and explained in *Schlesinger v. Councilman*, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975), and *United States v. Trottier, supra*, we have determined that the following facts introduced into evidence by the prosecution tip the scales in favor of the military interest.* (1) The accused was a member of the military and properly absent from the base at the time of the offenses. (2) The forged checks were drawn on the United States Treasury, two from Air Force funds and two from Internal Revenue funds. (3) The checks which provided the means to commit the forgery offenses were taken from the mail on a military base. (4) The payee of each check was a member of the Air Force. (5) The payees were temporarily deprived of their money. Two of these victims were temporarily deprived of military pay. (6) The payees were caused numerous inconveniences and the Government lost their services during the periods of time required to report and claim for their losses and participate in the investigations. (7) The forgery offenses destroyed a trust and confidence imposed in the accused by his military superior to perform his duties to safeguard resources. (8) The civilian authorities deferred jurisdiction to the military. Based on the facts in this case, we find that the Air Force properly exercised jurisdiction over the forgery offenses.

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

MAHONEY, Judge, concurs.

MILLER, Judge, not participating.

* The facts in this case distinguish it from the Court of Military Appeals' two leading decisions on off-base forgery offenses, *United States v. Sims*, 2 M.J. 109 (C.M.A.1977), and *United States v. Uhlman*, 1 M.J. 419 (C.M.A. 1976). Specifically, the forgeries were of Government checks, two of which were also military pay checks, see *United States v. Gillingham*, 1 M.J. 1193 (N.C.M.R.1976); the offenses disqualified the accused from being able to perform his assigned duties; and jurisdiction was expressly deferred to the military by the United States Attorney.