**UNITED STATES, Appellee,**

v.

**Sergeant (E–5) Louis W. REITZ, Jr., SSN 402–88–4406, United States Army, Appellant.**

**SPCM 15867.**

U. S. Army Court of Military Review.

15 Jan. 1982.

---

4. We perceive the hiring of the civilian counsel as a neutral factor insofar as the issue in this case is concerned.

Captain Peter R. Huntsman, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, and Major Robert C. Rhodes, JAGC.

Captain Gary L. Hoffman, JAGC, argued the cause for the appellee. With him on the brief were Major John T. Edwards, JAGC, and Major Michael L. DeBusk, JAGC.

Before FULTON, McKAY and COHEN, Appellate Military Judges.

1. Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976).

2. Article 111, Uniform Code of Military Justice, 10 U.S.C. § 911 (1976).

OPINION OF THE COURT

FULTON, Senior Judge:

The issue in this case concerns the scope of the negligent homicide offense under Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934 (1976).

At 2030 hours, 18 July 1980, the appellant, Sergeant Reitz, was operating his 1969 Volkswagen 411 sedan along a public roadway in the Federal Republic of Germany. With him in the vehicle were his wife, their three small children, and their friends, Specialist Four Richard Cooper and Private First Class Mark Pogue. They were on the way from a barracks, where Cooper and Pogue lived, to the Reitz' quarters off-post, where Cooper and Pogue were to spend the night with the Reitz family. Passing another car at a high rate of speed, Sergeant Reitz, who was intoxicated, lost control of his vehicle. It left the roadway and rolled over several times.

Specialist Cooper died of injuries received in the accident. All of the others, including Sergeant Reitz, were injured; some quite seriously.

Sergeant Reitz pleaded guilty to charges of negligent homicide,[1] drunken driving,[2] and violating regulations by operating a motor vehicle after his operator's permit had been revoked.[3] He was sentenced to be reduced to the grade of Private E–1, to be confined at hard labor for three months, and to be discharged with a bad-conduct discharge. The convening authority approved the sentence, but, fulfilling a plea bargain, suspended the bad-conduct discharge for six months with provision for automatic remission (which we assume has occurred).

Reitz now contends, on this review pursuant to Article 66 of the Uniform Code of Military Justice, 10 U.S.C. § 866 (1976), that his conviction of negligent homicide cannot stand because he was off duty, away

3. Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1976). His permit had been revoked as a result of an earlier incident of driving while intoxicated.

from a military installation, and using a privately-owned vehicle. He argues that the Court of Military Appeals narrowed the scope of negligent homicide as a violation of Article 134 when, in *United States v. Kick*, 7 M.J. 82 (C.M.A.1979), it cited the following justification:

There is a special need in the military to make the killing of another as a result of simple negligence a criminal act. This is because of the extensive use, handling and operation in the course of official duties of such dangerous instruments as weapons, explosives, aircraft, vehicles, and the like. The danger to others from careless acts is so great that society demands [sic] protection.

Id. at 84.[4]

It is as if—and this is the essence of appellant's argument—service connection were required for the conduct to constitute the offense itself, rather than only to afford the basis for subject-matter jurisdiction of a court-martial. *See e.g., United States v. Hedlund*, 2 M.J. 11, 13–14 (C.M.A.1976).[5]

We recognize that *Kick* involved the negligent operation of an Army truck on an Army post and the death of a soldier while returning in that truck from a training area. However, those facts were not referred to in the Court of Military Appeals' opinion and we perceive in that opinion no purpose to limit as a matter of law negligent homicide offenses to only those involving dangerous instrumentalities furnished by the government or to only those occurring in the course of military duty. To the

contrary, we view the *Kick* opinion as having embraced the "almost 25 years of precedent" referred to earlier (see note 4, *supra*). Among those reaffirmed historical precedents are more than one case involving negligent operation of a privately-owned vehicle away from a military installation. *See, e.g., United States v. Russell*, 3 U.S.C.M.A. 696, 14 C.M.R. 114 (1954); *Patch*, 7 B.R.-J.C. (Army) 89 (1950) (CM 341387); *cf. Marr*, 4 C.M.R. (Air Force) 511 (1951) (ACM 3641). In fact, on the basis of *Kick*, the Court of Military Appeals affirmed a conviction which, so far as appears, seems to have involved off-post use of a non-military vehicle. *United States v. King*, 7 M.J. 207 (C.M.A.1979) (mem.), *aff'g*, 4 M.J. 785 (N.C.M.R.1977).[6]

Accordingly, we hold that the decision in *Kick* has not limited the scope of negligent homicide as an offense in violation of Article 134 so as to exclude the negligent operation of a privately-owned vehicle while off-post and off-duty. *Cf.* Manual for Courts-Martial, United States, 1969 (Revised edition), par. 213f(12).

■ Largely by reason of his observation that in only a few civilian jurisdictions is vehicular homicide a criminal offense when only simple negligence is involved, appellant asserts that his conduct was not service discrediting within the meaning of Article 134.[7] This contention, too, was implicitly laid to rest in *Kick*, and we have no difficulty in finding service discredit when a soldier operating his vehicle between home

4. The observation above was quoted with favor from an unpublished opinion of a panel of this Court in a case involving the collision of an Army truck with a car, one of whose occupants was fatally injured. *United States v. Ballew* (ACMR No. CM 434077, 16 July 1976). The opinion does not disclose the location of the accident or status of the victim. In obvious reference to the then-pending decision in *Kick*, the panel closed the paragraph quoted above as follows: "For that reason[,] we would urge the United States Court of Military Appeals to adhere to its almost 25 years of precedent." *Id.*

5. Subject-matter jurisdiction is unchallenged in this case since the offense occurred outside the territorial limits of the United States. *See United States v. Newvine*, 23 U.S.C.M.A. 208,

208–09, 48 C.M.R. 960, 960–61 (1974); *United States v. King*, 6 M.J. 553, 555–57 (A.C.M.R. 1978), *pet. denied*, 6 M.J. 290 (CMA), *reconsid. denied*, 7 M.J. 61 (C.M.A.1979).

6. Nor do other summary affirmances accompanying *Kick* demonstrate any especial concern for the particular circumstances of the offense. See 7 M.J. 207 (summary dispositions).

7. Appellant cites the laws of Colorado, Hawaii, Massachusetts, Michigan, and the District of Columbia, as being the only ones authorizing punishment for such an offense. No reference has been made to the laws of the Federal Republic of Germany.

and post through a civilian community so operates the vehicle that, through his negligence, a death results, nor any difficulty in finding prejudice to good order and discipline stemming from the death of a fellow soldier wholly aside from the fact that his license had been revoked by military authority.[8] *Cf. United States v. King,* 4 M.J. 785, 786–87 (N.C.M.R.1977), *aff'd,* 7 M.J. 207 (C.M.A.1979).

The findings of guilty and the sentence are affirmed.

Judge McKAY and Judge COHEN concur.

**8.** If not determinative of the question of service connection, some of these factors would at least be relevant to that issue were it present in this case (note 5, *supra*). *See United States v. Fryman,* 19 U.S.C.M.A. 71, 41 C.M.R. 71 (1969).