·OLGA WESTERDALE, PLAINTIFF-RESPONDENT, v. KAISER-FRAZER CORPORATION, A CORPORATION OF NEVADA, DEFENDANT-APPELLANT.

Argued March 5, 1951—Decided April 9, 1951.

[redacted]

*Mr. Samuel Doan* argued the cause for the appellant (*Mr. Charles C. Stalter*, attorney).

*Mr. John R. Perkins* argued the cause for the respondent.

The opinion of the court was delivered by

OLIPHANT, J.   The question here is the legal sufficiency of service of process on a foreign corporation.   On January 2, 1948, plaintiff, a resident of New Jersey, was riding in her month-old Frazer-Manhattan automobile in the State of North Carolina when, allegedly, there was a mechanical failure with respect to the steering wheel which caused the vehicle to leave the highway resulting in personal injuries

to her and property damage to her car. ·She instituted suit here against the Kaiser-Frazer Corporation, a corporation of the State of Nevada and Clark & Eig Motors, Inc., a New Jersey corporation, seeking to recover damages because of their joint and several negligence.

Service of process of the summons and complaint was attempted to be made upon the defendant, Kaiser-Frazer Corporation, by serving "its agent and resident servant Clark & Eig Motors, Inc., by leaving a true copy * * * with Fred M. Clark, registered agent of Clark & Eig Motors, Inc. * * *." Kaiser-Frazer Corporation moved to set aside the service on the grounds that it was insufficient in law and that Clark & Eig Motors, Inc. was not its managing agent, general agent, or any other kind of agent for it. The motion was denied on the grounds that the Kaiser-Frazer Corporation was and is doing business in this State and that the business was of such a nature and character as to warrant the inference that it subjected itself to local jurisdiction and that Clark & Eig Motors, Inc., was its general agent for the purpose of being served with process. The defendant appealed to the Appellate Division under *Rule* 4:2–2(a) (3) and the cause was certified here on our own motion.

We disagree with the findings of the court below.

The chain of title of the automobile in question shows that the Kaiser-Frazer Corporation sold it to the Kaiser-Frazer Sales Corporation, a corporation of the State of Nevada with its principal place of business at Willow Run, Michigan, which in turn assigned it to Motors Merchants, Inc., of Newark, New Jersey, by whom it was assigned to Carlyle Motors, Inc., the predecessors of Clark & Eig Motors, Inc.

The court below relied on the following facts: (1) Clark & Eig Motors, Inc., was an authorized Kaiser-Frazer dealer; (2) the cars sold by Clark & Eig Motors, Inc. and displayed in its showrooms were those manufactured by Kaiser-Frazer Corporation; (3) the name Kaiser-Frazer was prominently displayed on signs located on the Clark & Eig Motors, Inc. premises and one of these signs read "Kaiser-Frazer Au-

thorized Service"; (4) the purchase order form used by Clark & Eig Motors, Inc. for the sale of automobiles is one prepared by the Kaiser-Frazer Corporation and has on its reverse side standard terms and conditions to the effect that the Kaiser-Frazer Corporation reserves the right to change the list price of its cars without notice, that it may change models and designs, that it warrants the automobile to be free from defects in material and workmanship and that this warranty shall apply only if the car is serviced at stations authorized. by Kaiser-Frazer Corporation; (5) that at the time plaintiff purchased her automobile she received an owner service policy which referred to the Kaiser-Frazer Corporation and provided that such services would be rendered free only at authorized Kaiser-Frazer stations. In addition the court below held it to be common knowledge that a manufacturer of automobiles selects, supervises and controls its dealers and the method of marketing its product, that the Kaiser-Frazer Corporation has dealers throughout New Jersey and maintains a continuous flow of its products into this State which are sold only through Kaiser-Frazer dealers and that as a Kaiser-Frazer dealer Clark & Eig Motors, Inc. is undoubtedly the recognized and accepted agent in New Jersey of the manufacturer and is generally looked upon as the protective custodian of Kaiser-Frazer's name and good will in the area surrounding its location.

█ █ While courts will take judicial notice of facts of common knowledge relating to business and occupations, such as the general course of business and the usual method of transacting it, we are unable to agree with the court below that it is common knowledge that a manufacturer of automobiles supervises and controls its dealers and the method of marketing its product. The facts in the instant case belie this assumption.

The statutes controlling the service of process upon foreign corporations are R. S. 2:26-43 and 44, as amended by the Laws of 1948, c. 356. Our rule on the subject, 3:4-4(d), is a counterpart of the statutes. They provide that service

upon a foreign corporation may be made by delivering a copy of the summons to an "officer, director, trustee or *a managing or general agent* of the corporation personally * * *" (italics supplied). The amendment of 1948 eliminated many persons upon whom service might previously thereto have been made on behalf of a foreign corporation.

Admittedly Fred M. Clark, the registered agent of Clark & Eig Motors, Inc., upon whom service was made, was not an officer, director or trustee of the Kaiser-Frazer Corporation so that the narrow question is—was he or Clark & Eig Motors, Inc., its managing or general agent under the facts exhibited?

The basic rule as enumerated in *Camden Rolling Mill Co. v. Swede Iron Co.*, 32 *N. J. L.* 15 (*Sup. Ct.* 1866) and followed down through the years is "that if a foreign corporation, at the time of the commencement of suit, does not do business, and has not any office or place of business in this state, the contract sued on, not having been entered into in this state, such corporation, except by its own consent cannot be brought within the jurisdiction of this or any court of this state." *Cf. Carroll v. New York, etc., R. R. Co.*, 65 *N. J. L.* 124 (*Sup. Ct.* 1900); *McClelland v. Colt's Patent Fire Arms Mfg. Co.*, 10 *N. J. Misc.* 156 (*Sup. Ct.* 1932); *Hoffman v. Carter*, 117 *N. J. L.* 205 (*Sup. Ct.* 1936); *Deighan v. Beverage Retailer Weekly, etc., Corp.*, 18 *N. J. Misc.* 705 (*Sup. Ct.* 1940); *I. Rokeach & Sons, Inc. v. Krichman*, 125 *N. J. L.* 477 (*Sup. Ct.* 1940); *Weiss v. Shapiro Candy Mfg. Co., Inc.*, 126 *N. J. L.* 71 (*E. & A.* 1941); *Taylor v. H. A. Thrush & Co.*, 127 *N. J. L.* 451 (*Sup. Ct.* 1941); *Porcelli v. Great Atlantic & Pacific Tea Co.*, 128 *N. J. L.* 603 (*Sup. Ct.* 1942); *Yedwab v. M. A. Richards Corp.*, 137 *N. J. L.* 448 (*Sup. Ct.* 1948). In this last case it was said:

"There is jurisdiction *in personam* over a foreign corporation only if it is doing business in the state through its agents, and then only if there is service of process within the state upon a duly authorized officer or agent of the corporation. *Roll-O-Matic, Inc., v. J. B. Mar-*

shall, Inc., 117 N. J. L. 463; Consolidated Textile Corp. v. Gregory, 289 U. S. 85; 53 S. Ct. 529; 77 L. Ed. 1047; Washington-Virginia Railroad Co. v. Real Estate Trust Co., 238 U. S. 185; 35 S. Ct. 818; 59 L. Ed. 1262; James-Dickinson Farm Mortgage Co. v. Harry, 273 U. S. 119; 47 S. Ct. 308; 71 L. Ed. 569; Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U. S. 333; 45 S. Ct. 250; 69 L. Ed. 634. In the absence of the element of consent, in one form or another, the doing of business is indispensable to the fulfillment of the requirement of due process of law guaranteed by the Fourteenth Amendment of the Federal Constitution. Riverside & Dan River Cotton Mills v. Menefee, 237 U. S. 189; 35 S. Ct. 579; 59 L. Ed. 910. The state's jurisdiction in personam does not extend beyond its own borders. Process in actions of this class does not run from one state to another. Pennoyer v. Neff, 95 U. S. 714; 24 L. Ed. 565.

'Doing business' is a term that is not susceptible of precise definition automatically resolving every case. Each case turns upon its own circumstances. The determinative is the essence of the transaction or series of transactions."

In the *Weiss* case, *supra*, the rule was stated thusly, "The ultimate question is whether the foreign corporation has given a person a representative character inclusive of receiving service of process, either generally or specifically in a given case," and held that the person served may even be an employee, an agent or a field salesman of a foreign corporation and yet not be subject to service of process against that corporation.

█ In line with the holdings of the cases cited to be amenable to service of process a foreign corporation must be doing business in this State in such manner and to such extent so as to warrant the inference it is present here. Even then the process must be served on some authorized agent.

█ It is shown beyond question in this case that the Kaiser-Frazer Corporation was not doing business in this State nor was the Clark & Eig Motors, Inc., its managing or general agent. From the proofs it is clear that while the Kaiser-Frazer Corporation manufactures automobiles it sells all the cars it manufactures to the Kaiser-Frazer Sales Corporation which in turn sells them to distributors and others f. o. b. Willow Run, Detroit, Michigan. Clark & Eig Motors, Inc., is a corporation of this State entirely independent of the Kaiser-Frazer Corporation of Nevada, though it handles

Kaiser-Frazer automobiles on a dealership basis. The Kaiser-Frazer Corporation not only does no business in New Jersey but does no business with Clark & Eig Motors, Inc., which purchases the automobiles it sells to the ultimate consumer from the Kaiser-Frazer Sales Corporation, a separate and distinct legal entity.

The fact that the showroom of Clark & Eig Motors, Inc. carried signs prominently displaying the name "Kaiser-Frazer" and "Kaiser-Frazer Authorized Service" is not the holding out by the Kaiser-Frazer Corporation of Clark & Eig Motors, Inc. as an agent but rather is of the type that is commonplace among all dealers who sell products which have a trade name carrying substantial good will. Nor does the fact that when a sale is made by a dealer to the ultimate purchaser a manufacturer's warranty goes with the automobile spell out the dealer as the agent of the manufacturer. It is merely incidental to the sale and in no wise by itself gives apparent authority or agency to the dealer. Such manufacturer's warranties accompany a host of products being sold on the market today and it is inconceivable that manufacturers making such warranties thereby designate all persons and businesses which sell their products as their managing and general agents upon whom, among other things, service of process may be made. The owner's service policy simply provided that defective material or workmanship would be replaced free by an authorized Frazer dealer or distributor without charge. This was an undertaking of the distributor, not the Kaiser-Frazer Corporation, and spelled out no agency existing between them.

The order of the court below is reversed and the service of process quashed. No costs are allowed.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*For affirmance*—None.