Counsel for appellee did not file pleadings.

**UNITED STATES, Appellee,**

v.

**Private First Class Alonzo R. SANKEY, SSN 423–82–2073, United States Army, Appellant.**

**CM 437601.**

U. S. Army Court of Military Review.

22 Dec. 1978.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

### OPINION OF THE COURT

PER CURIAM:

Appellant was convicted, contrary to his pleas, of assault and communication of a threat in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934. His approved sentence included a bad-conduct discharge (suspended until 25 April 1979 with provision for automatic remission).

On appeal, counsel has not alleged that any errors were committed in the pretrial, trial or post-trial processing of the case. However, our examination of the record discloses that the staff judge advocate used an abbreviated format for his post-trial review. It appears that the review was patterned on the concurring opinion in *United States v. Morrison*, 3 M.J. 408 (C.M.A.1977).[1]

The requirements for the staff judge advocate's post-trial review are essentially set forth in paragraphs 85*b* and *c* of the Manual.[2] Further, those long standing requirements have been illustrated in such cases as *United States v. Fields,* 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958); *United States v. Grice,* 8 U.S.C.M.A. 166, 23 C.M.R. 390 (1957). Here the review failed to delineate the convening authority's responsibility nor did it advise

---

1. Chief Judge Fletcher's views concerning the requirements of Article 61, 10 U.S.C. § 861 may become the law in a future case. Until that time, the cited requirements set forth in the Manual for Courts-Martial, United States, 1969 (Revised edition), and judicial interpretation of those requirements must be followed.

2. Manual for Courts-Martial, United States, 1969 (Revised edition).

him of the standard under which he was to consider the staff judge advocate's opinion.

Counsel for the appellant during the post-trial processing did not submit any comments to correct or challenge any matter which he may have deemed to be erroneous, misleading or inadequate.[3] We do not believe the error here rises to the level that it should be considered a manifest miscarriage of justice.[4] Accordingly, the failure of the defense counsel to point out the deficiencies waived the error.

The findings of guilty and the sentence are affirmed.

---

**3.** *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975); *United States v. Myhrberg,* 2 M.J. 534 (A.C.M.R.1976).

**4.** See Note 10, *United States v. Myhrberg, supra.*