UNITED STATES, Appellee,

v.

Specialist Four Steven H. CORDOVA, SSN 546–06–9174, United States Army, Appellant.

CM 437592.

U. S. Army Court of Military Review.

10 May 1979.

Captain William B. Ramsey, JAGC, argued the cause for the Appellant. With him on the brief was Major D. David Hostler, JAGC.

Major Robert B. Williams, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, and Lieutenant Colonel R. R. Boller, JAGC.

Before DeFIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

DeFIORI, Chief Judge:

Contrary to his pleas, the appellant was convicted of rape, violation of a lawful general regulation, and aggravated assault in violation of Articles 120, 92, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 892, and 928, respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for three years, forfeiture of two-thirds pay per month for 36 months, and reduction to the grade of E–1. The convening authority approved only so much of the findings of guilty of aggravated assault as finds the appellant guilty of simple assault. The approved sentence provides for a bad-conduct discharge, confinement at hard labor for 30 months, forfeiture of $250.00 pay per month for 30 months, and reduction to E–1.

The appellant has alleged as error that the staff judge advocate in his post-trial review did not adequately advise the convening authority concerning post-trial statements made by two co-accused in which they claimed the appellant did not participate in the crimes of which he was convicted. We do not find that specific portion of the review to be inadequate. However, we do find other inadequacies in the post-trial review.

The post-trial review in this case is quite brief with a stated purpose by the staff

judge advocate to exclude "surplus" material.[1] Although the appellant was convicted of rape under the theory of principals, the post-trial review made only the barest mention of this complex legal theory[2] and did not attempt to apply the theory to the facts of this case.

The appellant was sentenced by the court to 36 months of confinement, forfeitures and other penalties. The staff judge advocate recommended that his sentence be reduced to 30 months of confinement and forfeitures because of an instructional error by the military judge. The trial defense counsel specifically objected in his *Goode*[3] response to the omission of information on the maximum permissible sentence and the sentences of the co-accused. In an addendum to the review, the staff judge advocate stated, "Neither of these items is required. In some cases they may be relevant, but in this case I do not consider them to be significant factors."

██ The Manual for Courts-Martial requires that a post-trial review include (1) a summary of the evidence of the case, (2) the staff judge advocate's opinion as to the adequacy and weight of the evidence, (3) the effect of any error or irregularity respecting the proceedings, (4) a specific recommendation as to the action to be taken, and (5) reasons for both the opinions and recommendations.[4] It is this last requirement that concerns us in this case.

██ Under Article 64 of the Uniform Code of Military Justice, 10 U.S.C.A. § 864, the convening authority may approve "only such findings of guilty, and the sentence or such part or amount of the sentence, as he finds correct in law and fact and as he in his discretion determines should be approved." Without an explanation of the law of principals and its application to this case, the convening authority was not given the information he needed to determine the correctness of the findings "in law."

██ The staff judge advocate may be selective of the matters to be discussed in a post-trial review.[5] However, in order to support the staff judge advocate's conclusion that the adjudged sentence was "legally permissible," the convening authority must be given the *reason* for the opinion as required by the Manual. This would require that the maximum permissible sentence be set forth. Additionally, the convening authority should be given full information on which to base his discretionary approval of the sentence. In the present case, two co-accused actually participated in forced intercourse with the victim while the appellant did not. The appellant's adjudged sentence was for 36 months confinement. One co-accused was sentenced to 45 months confinement and the other to 34 months confinement. The convening authority should have been provided with this information, particularly in light of the defense counsel's specific objection to its omission.

The defense counsel objected to the deficiencies in the post-trial review and did not waive the appellant's right to raise them before us.[6] We will require that a new review and action be completed.

---

1. It appears that this review was patterned on Chief Judge Fletcher's concurring opinion in *United States v. Morrison*, 3 M.J. 408 (C.M.A. 1977). Although his opinion may become the law at some time in the future, at this time the requirements of the Manual for Courts-Martial, United States, 1969 (Revised edition) and the judicial interpretations of it must be followed.

2. "It was the government's theory that the accused was either an aider and abettor in the crime or that the accused counseled, commanded, or procured the criminal act to be done. Under either theory the accused would be guilty as a principal."

3. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

4. Paragraph 85*b*, Manual for Courts-Martial, United States, 1969 (Revised edition).

5. *United States v. Fields*, 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958).

6. *United States v. Sankey*, 6 M.J. 790 (A.C.M.R. 1978); *United States v. Myhrberg*, 2 M.J. 534 (A.C.M.R.1976).

The appellant's other assignment of error is the multiplicity of the charges of violation of a lawful general regulation and assault with the charge of rape. The military judge ruled that they were multiplicious and instructed on them as such. Since this case is being returned for a new review and action, we will await the convening authority's action to determine if it will be necessary for us to address this alleged error.[7]

The action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General for referral to a different staff judge advocate and convening authority for a new review and action.

Senior Judge CARNE and Judge THORNOCK concur.

7. *See United States v. Haywood,* 6 M.J. 604 (A.C.M.R.1978).