**UNITED STATES, Appellee,**

v.

**Private First Class Ervin SHUFFORD, Jr., SSN 245–92–3120, United States Army, Appellant.**

**SPCM 13738.**

U. S. Army Court of Military Review.

10 May 1979.

---

Captain Willard E. Nyman, III, JAGC, and Captain Richard E. Connell, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Glen D. Lause, JAGC, were on the pleadings for appellee.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Judge:

The appellant was convicted of assault with a dangerous weapon in violation of Article 128, Uniform Code of Military Justice (10 U.S.C. § 928), and received an approved sentence that included a bad-conduct discharge (suspended for the period of confinement and six months thereafter with provision for automatic remission), confinement at hard labor for two months, forfeiture of $279.00 pay per month for two months and reduction to the grade of Private E–1.

On appeal, appellant assigns as error alleged deficiencies in the staff judge advocate's post-trial review. Appellant specifically alleges that (1) the staff judge advocate failed to provide any guidelines in the post-trial review for use by the convening authority in evaluating the appellant's affirmative defense of self defense; (2) the staff judge advocate failed to inform the convening authority of the extent of his discretionary powers as to sentence; and (3) the staff judge advocate's rebuttal of the comments of the trial defense counsel was patently improper and constituted a miscarriage of justice.

Government appellate counsel argue that while the staff judge advocate's review was not the type normally seen in such cases, there was (1) no requirement for a discussion on the issue of self defense since it was not fairly raised by the evidence; (2) even if such an issue was raised, the evidence of guilt is so compelling the convening authority's choice lay only in affirming the finding of guilty; and (3) there is no requirement

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC,

that the staff judge advocate delineate the discretionary powers possessed by the convening authority with regard to his action on an accused's sentence.

The operative facts with which we are concerned are that the staff judge advocate wrote a brief review which contained an adequate summary of the factual events that occurred in the case, a listing of the elements of proof, and the opinion that (1) the court was properly constituted and had jurisdiction over the offense and the accused; (2) the evidence of record established beyond a reasonable doubt the accused's guilt of the charge of which he was found guilty; and (3) there were no errors which materially prejudiced the substantial rights of the accused. The staff judge advocate also included the normal vital statistics concerning the accused and a brief resume of the mitigation testimony as well as his recommendation concerning the accused's sentence.

The trial defense counsel responded that the review was deficient in that it failed to advise the convening authority in the following respects:

(1) that the convening authority must be convinced of PFC Shufford's guilt beyond a reasonable doubt;

(2) that the convening authority is bound by neither the court's findings nor the opinion of the staff judge advocate;

(3) that the convening authority has absolute authority to reduce the adjudged sentence for any or no reasons; and

(4) that it was the Government's burden to overcome PFC Shufford's defense of self defense beyond a reasonable doubt.

Upon receipt of the above stated comments, the staff judge advocate opined that the statements of law made by the trial defense counsel were correct. He stated that the matters set forth in item (1) above were included within the elements of proof

and that items (2), and (3), were not required to be covered in the review. He further opined "that the cases cited in support of the proposition that they must be included deal with situations wherein the convening authority was *misadvised*, rather than receiving no advice at all." He then concluded his comment stating "as we have previously discussed I decided not to include repetitive 'boiler plate' on these specific items in every review because I advised you of them in the initial reviews upon which you acted at Fort Hood and because of your extensive experience as a General Court-Martial Convening Authority here and at Fort Riley, Kansas."

Our consideration of any alleged deficiencies in the post-trial review is generally limited to those matters particularly determined to be objectionable by the trial defense counsel in his response to the convening authority following service of the post-trial review.[1]

Our inquiry first turns to the issue of self defense. As noted, trial defense counsel objected to the post-trial review in that it failed to advise the convening authority that it was the government's burden to overcome the appellant's defense of self defense beyond a reasonable doubt.

Our examination of the review discloses that the staff judge advocate did not provide any legal guidelines for the convening authority to use in evaluating the principal position of the appellant at trial.[2] However, as noted, government appellate counsel argue that the evidence adduced at trial did not raise the issue of self defense. If the government's position is correct, there was no requirement placed upon the staff judge advocate to discuss the issue. On the other hand, if the evidence raised the issue, it was incumbent upon the staff judge advocate to provide legal guidelines by which the convening authority could measure the defense's claim.[3] As such was not done

1. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975); *United States v. Myhrberg*, 2 M.J. 534 (A.C.M.R.1976).

2. See *United States v. Curtis*, 1 M.J. 297 (C.M. A.1976); *United States v. Holly*, 18 U.S.C.M.A. 413, 40 C.M.R. 125 (1969).

3. *United States v. Curtis, supra.*

here, the effect would result in prejudicial error.[4]

██ Paragraph 216(c) of the Manual[5] provides a two part test to determine whether the circumstances raise self defense as a defense of necessity. First, the surrounding circumstances must have been such that a reasonably prudent person would believe that there were grounds to apprehend death or grievous bodily harm and the accused in fact had such apprehension. Second, the appellant must have believed that the force he used was necessary for protection against death or grievous bodily harm.

██ In order to raise the issue of self defense there must be some evidence from which a reasonable inference can be drawn that the affirmative defense of self defense was in issue. That evidence need not be compelling nor does it require that the only construction placed thereon be such that it supports such a theory.[6] With the foregoing legal axioms in mind we turn to the facts concerning this issue.

The appellant visited his friend PFC Hough in a barracks at Fort Hood, Texas. The victim (PFC Guilbert) and a soldier named Evans were also in attendance in the room either watching television or listening to music.

The victim made certain remarks to the appellant that he looked like the person who had given him trouble the previous day. The appellant denied any involvement. After some discussion the appellant left the room. The victim, who had been drinking, became angry when he could not find his car keys. He saw the appellant standing outside the building and yelled at him from a balcony asking if the appellant had seen the car keys. The appellant responded with a racial slur. The victim then ran down the stairs yelling other racial slurs at the appellant and a fight ensued. Each said the other struck the first blow. Blows were exchanged and the parties grappled with each other. The appellant drew a knife and cut the victim on the back four times, one of which required 30 stitches to close.

The appellant was described as a mild mannered peaceful person who was reasonably well liked and got along well with his fellow employees and friends. The victim, on the other hand, was described as aggressive, angry, and quick tempered when drinking and generally hard to get along with. The victim's wife testified she heard her husband say "take the first punch." Both parties were essentially the same height. However, the victim outweighed the appellant by approximately 20 pounds.

The appellant testified that he was afraid that the victim would hurt him and during the providency inquiry related that he was afraid of receiving a broken bone. He stated that he used the knife to defend himself but that he may have overreacted to the situation.

██ The accused in a criminal case is entitled to have instructions presented relating to the theory of the defense for which there is a foundation in the evidence.[7] We believe that the total quantum of the evidence establishes that the victim was the aggressor here. The appellant's testimony at trial showed that he was afraid of the victim and feared a broken bone.

We believe that under the evidence in this case some reasonably prudent men may have concluded that the appellant could have grounds to apprehend death or grievous bodily harm. As the Court stated in *United States v. Holley*, 18 U.S.C.M.A. 413, 40 C.M.R. 125 (1969), citing from *Young v. United States*, 114 U.S.App.D.C. 42, 309 F.2d 662 (1962):

4. *Id.*

5. Manual for Courts-Martial, United States, 1969 (Revised edition).

6. *United States v. Black*, 12 U.S.C.M.A. 571, 31 C.M.R. 157 (1961), and the cases cited therein.

7. *United States v. Holly, supra*; *United States v. Gordon*, 14 U.S.C.M.A. 314, 34 C.M.R. 94 (1963).

". . . . However implausible, unreliable, or incredible, only the jury had the right to make the evaluation of [the witnesses'] testimony."

Accordingly, we conclude the issue was sufficiently raised to require the staff judge advocate to advise the convening authority of the appropriate legal standards under which he was required to consider the appellant's affirmative defense. As such was not done here, the review is prejudicially deficient.

In view of the above finding, we need not address the other alleged deficiencies in the review.

The action of the convening authority dated 4 January 1979 is set aside. The record of trial is returned to The Judge Advocate General of the Army for a new review and action by the same or a different convening authority.

Senior Judge JONES and Judge LEWIS concur.

**UNITED STATES, Appellee,**