UNITED STATES, Appellee,

v.

Private (E–2) Shilow COOK, SSN 335–48–9892, United States Army, Appellant.

CM 437593.

U. S. Army Court of Military Review.

28 June 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain Grifton E. Carden, JAGC, and Captain William L. Finch, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Robert D. Newberry, JAGC, and Captain Paul G. Thomson, JAGC, were on the pleadings for appellee.

Before FULTON, WATKINS and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

Tried by a general court-martial at Fort Hood, Texas, in October 1978, the appellant was, despite his plea, convicted of assault with the intentional infliction of grievous bodily harm in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (1976). His sentence to a bad-conduct discharge and confinement at hard labor for one year was approved by the convening authority. The case is before us pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1976), with two errors urged as grounds for relief.

## I

Appellant's first assignment of error asserts that the military trial judge abused his discretion by denying the trial defense counsel's challenges of several court members based upon an alleged inflexibility of attitude concerning sentences. The matter is well and fully discussed in the staff judge advocate's post-trial review, as well as in the briefs. Examining the record, we agree with the staff judge advocate and the appellee that the challenged members did not display an inelastic attitude so as to require sustaining the challenges.

## II

Appellant's second assignment attacks the staff judge advocate's post-trial review, which was prepared pursuant to Article 61, Uniform Code of Military Justice, 10 U.S.C. § 861 (1976), and paragraph 85 of the Manual for Courts-Martial, United States, 1969 (Revised edition). The review is of the abbreviated type heretofore considered by this Court in *United States v. Sankey,* 6 M.J. 790 (A.C.M.R.1978); *United States v. Cordova,* 7 M.J. 673 (A.C.M.R.1979); *United States v. Shufford,* 7 M.J. 716 (A.C.M.R. 1979); and *United States v. Williams,* 7 M.J. 725 (A.C.M.R.1979).

The error assigned is as follows:

THE STAFF JUDGE ADVOCATE's POST–TRIAL REVIEW WAS PREJUDICIALLY DEFICIENT IN THAT IT FAILED TO ADVISE THE CONVENING AUTHORITY IN THE FOLLOWING PARTICULARS:

1) THAT THE CONVENING AUTHORITY MUST BE CONVINCED OF APPELLANT'S GUILT BEYOND A REASONABLE DOUBT;

2) THAT THE CONVENING AUTHORITY IS NOT BOUND BY EITHER THE COURT'S FINDINGS OR THE STAFF JUDGE ADVOCATE'S OPINION;

3) THAT AS CONVENING AUTHORITY HE HAS ABSOLUTE AUTHORITY TO REDUCE THE SENTENCE

ADJUDGED FOR ANY OR NO REASON; AND

4) THAT IT WAS THE GOVERNMENT'S BURDEN TO OVERCOME APPELLANT'S DEFENSE OF VOLUNTARY INTOXICATION BEYOND A REASONABLE DOUBT.

When the staff judge advocate's review had been prepared, a copy was served on appellant's trial defense counsel as required since 15 May 1975 by *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). The trial defense counsel (both individual and detailed counsel) responded with a rebuttal introduced by the following paragraph:

The Defense rebuts the following points of the Staff Judge Advocate's review in this case:

a. The admissibility of the photograph of PFC Haffa's wound.

b. The military judge's procedures and rulings on voir dire and challenges for cause.

c. The summary of the evidence.

d. The defense of self-defense.

e. The defense of voluntary intoxication.

Particularly to be noted is the fact that the trial defense counsel's response complains of none of the matters now alleged by appellate counsel with the possible exception of that pertaining to the defense of voluntary intoxication (a defense to specific intent).[1]

■ Referring to "the defense of voluntary intoxication," the staff judge advocate's review informed the convening authority that, "you are advised that you should consider the evidence of voluntary drunkenness in determining whether the accused had sufficient mental capacity to and did in fact entertain the specific intent to inflict grievous bodily harm upon his victim." After a brief summary of the evidence relating to intoxication, this portion

of the review concluded with the comment, "I am convinced beyond a reasonable doubt that, although the accused may have been intoxicated to some extent, he could and did possess the intent to inflict grievous bodily injury." In an "Appendix" to the review, the convening authority was advised that, "[b]efore approving the findings of guilty, you must be convinced beyond a reasonable doubt that: . . . d. The accused at that time had the specific intent to inflict grievous bodily harm."

The defense counsel's rebuttal emphasized different facts and concluded with the assertion that, "[t]he result of that is that the government has not sustained its burden of proof as to the element of intent to do grievous bodily harm." We find that the review—which is not attacked on this ground—presented a fair and reasonable summary of the evidence and correctly and adequately advised the convening authority. In view of what we have quoted above, we hold that the review did adequately indicate to the convening authority that it was the Government's burden to overcome the affirmative defense beyond a reasonable doubt. Appellant's assignment of error to the contrary is devoid of merit.

As to the remaining deficiencies asserted by the appellant, the issue is whether they were waived because they were not raised in trial defense counsel's comment and rebuttal to the review. On this issue, we are confronted with seemingly conflicting opinions of our own Court.

In *United States v. Sankey, supra*, a panel of this Court *sua sponte* noted error in a review similar to that involved in this case because it failed "to delineate the convening authority's responsibility . . . [and to] advise him of the standard under which he was to consider the staff judge advocate's opinion."[2] The Court also held, however, that the error did not result in a

---

1. We have examined each of the alleged shortcomings in the review listed and discussed by trial defense counsel (including, as noted below, the one pertaining to the defense of lack of specific intent through intoxication) and we find no error in the review.

2. Cited as authority were *United States v. Fields*, 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958), and *United States v. Grice*, 8 U.S.C.M.A. 166, 23 C.M.R. 390 (1957).

manifest miscarriage of justice and, accordingly, was waived because it had not been challenged by the trial defense counsel.[3]

A different panel of this Court decided *United States v. Williams, supra.* The *Williams* panel dealt first with two alleged deficiencies that had been raised by the trial defense counsel in rebuttal to the review. The opinion appears to hold that the defects he raised are the same as those noted in *Sankey* and, therefore, constituted error. *Id.* slip op. at 4–5. Because they were asserted at the convening authority level, these errors were not waived. The opinion then turns to a (sua sponte) consideration of errors in the review that were *not* raised below. It is not entirely clear from the opinion, however, whether the Court was requiring relief (a new review) because of those errors, or whether they were mentioned only because a new review was necessitated by the errors noted by the trial defense counsel and, as a matter of judicial economy, the new review should seek to cure all ascertainable errors at once. *But see United States v. Shufford, supra* (one error found; others undetermined).

■ We make unequivocal our adherence to the principles of *United States v. Goode,* 1 M.J. 3 (C.M.A.1975), and *United States v. Myhrberg,* 2 M.J. 534 (A.C.M.R.1976) (en banc). In *Goode,* the Court of Military Appeals said that failure of counsel for an accused to take advantage of the newly-mandated opportunity to rebut or comment on the staff judge advocate's review within five days of service upon him "will normally be deemed a waiver of any error in the review." *United States v. Goode,* 1 M.J. at 6; *accord, United States v. Barnes,* 3 M.J. 406 (C.M.A.1977). What moved the Court

to adopt the procedure prescribed in *Goode* was "continual and often repeated claims of error, plus the delay in determining their validity and correction." *United States v. Goode,* 1 M.J. at 6.[4] In *United States v. Myhrberg, supra,* this Court sitting en banc to resolve a conflict among panels, rejected the panel holding in *United States v. Austin,* 2 M.J. 391 (A.C.M.R.1975), that the waiver rule in *Goode* was limited to matters from outside the record and did not extend to a prejudicially erroneous summary of the trial evidence. 2 M.J. at 536–37. *Myhrberg* holds that error in misadvising the convening authority as to the maximum punishment was waived by the trial defense counsel's failure to comment thereon when served a copy of the review. *Id.* at 535–38.

■ *Myhrberg* rejected *Austin* because applying the waiver doctrine to only a limited category of cases would have been inconsistent with *Goode's* objective to reduce appellate litigation concerning alleged mistakes in post-trial reviews. See *United States v. Turner,* 2 M.J. 778, 781 (A.C.M.R. 1976). The panel decision in *Williams,* if diagnosed as rejecting the waiver doctrine, suffers from the same malady.[5] *Myhrberg* did not foresee an ironclad waiver, however. As observed in both the lead opinion by the late Judge Cook and the separate concurrence of Senior Judge Jones, the plain error rule remains intact. That is, a waiver will not be enforced if doing so would result in a manifest miscarriage of justice or would otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings. 2 M.J. at 537 n. 10, 538; *accord, United States v. Veney,* 6 M.J. 794 (A.C.M. R.1978); *see also United States v. Barnes,* 3

---

3. Citing *United States v. Goode,* 1 M.J. 3 (C.M. A.1975), and *United States v. Myhrberg,* 2 M.J. 534 (A.C.M.R.1976) (en banc).

4. The magnitude of the problem and the effectiveness of its solution can be perceived by a glance at the indexes of the reported cases. Compared to the final five bound volumes of Court-Martial Reports (1972–1975), in which an average of 37 published decisions per volume concerned a staff judge advocate's post-trial review, the first six volumes of West's

Military Justice Reporter (1975–1978) contain only a handful.

5. Two of the three judges deciding *Williams* disagreed with the broad application of waiver adopted by the majority in this Court's en banc decision in *Myhrberg. United States v. Myhrberg,* 2 M.J. 534, 539, 539–41 (A.C.M.R.1976) (en banc) (opinions of Felder, J., and Mitchell, J., respectively). A view that the errors would require relief even if not raised below would be consistent with their minority opinion.

M.J. 406 (C.M.A.1977) (inadequate representation by counsel may prevent waiver).

This Court applied the plain error rule in *United States v. Veney, supra,* a case involving the post-trial review, and that is the test we will use. We fail to find that any purported deficiencies in the staff judge advocate's post-trial review alleged for the first time on appeal have resulted in a miscarriage of justice or seriously affect the fairness, integrity, or public reputation of judicial proceedings. Therefore, we hold that any error was waived by the trial defense counsel's failure to object when the opportunity was presented, and we will not consider the issue on appeal.

The findings of guilty and the sentence are affirmed.

Judge WATKINS and Judge LEWIS concur.