UNITED STATES, Appellee,

v.

Private E–2 Danny E. JACKSON, SSN
465–27–7112, United States
Army, Appellant.

CM 438050.

U. S. Army Court of Military Review.

15 Aug. 1979.

Colonel Edward S. Adamkewicz, Jr.,
JAGC, Captain Grifton E. Carden, JAGC,

and Captain Dennis E. Brower, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Brian X. Bush, JAGC, and Captain Michael C. Chapman, JAGC, were on the pleadings for appellee.

Before JONES, CLAUSE and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

Charged with robbery, a violation of Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922, the appellant pleaded guilty to the lesser included offense of larceny in violation of Article 121, UCMJ, 10 U.S.C. § 921.[1] The military judge, after hearing the evidence, returned a finding of guilty by exceptions and substitutions of extortion in violation of Article 127, UCMJ, 10 U.S.C. § 927. The appellant contends that the finding as to extortion will not lie as that offense is not included within the offense of robbery.

■ A court may properly find an accused guilty of an offense other than the one charged when "the offense on which the accused was arraigned 'alleges fairly and the proof raises reasonably, all elements of both crimes' so that 'they stand in the relationship of greater and lesser offenses.' (citation omitted)." *United States v. Thacker*, 16 U.S.C.M.A. 408, 37 C.M.R. 28 (1966). The greater offense in this instance was robbery, a wrongful taking of $10.00 from the person of the victim against his will by means of putting him in fear. The lesser offense was extortion, communicating a threat with the intention of obtaining something of value.

■ A robbery by putting the victim in fear involves "demonstrations of force or menaces," i. e. threats. Paragraph 201, Manual for Courts-Martial, United States, 1969 (Revised edition). The threat must be of immediate or future injury to the person or property of the victim, or to a member of his family or relative, or to the person or property of anyone in his presence at the time.

■ The threat in an extortion may be one of physical injury to the person or property of the victim or his family, as in a robbery, but also it may involve other than physical harm to person or property, and it may also extend to persons not within the limited group in a robbery. Thus the threat in a robbery is necessarily sufficient to satisfy the requirement of a threat in an extortion. The threat in the latter may be communicated orally or in writing but non-verbal demonstrations of force or menaces are not excluded.

■ Similarly, the wrongful taking of something of value through a demonstration of force, an integral part of a robbery by putting in fear, necessarily includes an intention to take something of value under the threat. The robbery goes further and requires the actual taking while the extortion is completed with the threat. The completion of the act of taking does not, however, alter the fact of existence of the intent.

We conclude, therefore, that where, as here, the robbery specification was broad enough to include a threat coupled with an intent to take something of value, and the evidence established those elements the extortion was a lesser offense included in the robbery allegation. *Cf. United States v.*

1. The appellant was also charged with and pleaded guilty to an aggravated assault, assault and battery, and communication of a threat in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934. These three offenses arose out of an incident that occurred about two weeks prior to the incident upon which the robbery charge was based.

The military judge sentenced the appellant to a bad-conduct discharge, confinement at hard labor for 15 months, forfeiture of $275.00 per month for 15 months, and reduction to Private E-1. The convening authority approved the sentence.

*McVey,* 4 U.S.C.M.A. 167, 15 C.M.R. 167, 174 (1954).[2]

█ Another error assigned by the appellant concerns the sufficiency of the staff judge advocate's post-trial review and his response to the trial defense counsel's comments on the review. This Court has previously held the abbreviated type review used here to be deficient. *United States v. Williams,* 7 M.J. 725 (A.C.M.R.1979); *United States v. Shufford,* 7 M.J. 716 (A.C.M.R. 1979); *United States v. Cordova,* 7 M.J. 673 (A.C.M.R.1979); *United States v. Sankey,* 6 M.J. 790 (A.C.M.R.1978). In *Williams, Shufford* and *Cordova,* the Court found prejudice from insufficient guidance to the convening authority in a highly contested case. In *Sankey* the error was waived by failure of the trial defense counsel to object to the review. In this case the appellant pleaded guilty to three offenses and to a lesser included offense of the fourth (albeit to a different lesser included offense than the one found by the military judge). Testing for prejudice under these circumstances, we find none.[3]

The findings of guilty and the sentence are affirmed. However, the partial forfeitures shall apply to pay only, effective on and after the date of the convening authority's action.

Judge LEWIS concurs. Judge CLAUSE not participating.

---

**2.** *See generally Words and Phrases,* Extortion, and Robbery; Burdick, The Law of Crime, §§ 279, 589.

**3.** We note in this regard that appellant twice offered to plead guilty in the manner in which he subsequently pleaded at trial in return for a sentence no greater than a dishonorable discharge, confinement at hard labor for 18 months, forfeiture of all pay and allowances, and reduction to Private E–1. The convening authority declined to accept the agreement in each instance. Appellant pleaded guilty without an agreement. The sentence adjudged was considerably less than that offered in the agreement.