UNITED STATES, Appellee,

v.

Private (E–1) Michael T. JOHNSON, SSN 466–25–9962, United States Army, Appellant.

CM 438064.

U. S. Army Court of Military Review.

29 Nov. 1979.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain Grifton E. Carden, JAGC, and Captain Dennis E. Brower, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major Robert B. Williams, JAGC, Captain Douglas P. Franklin, JAGC, and Captain Paul G. Thomson, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and DRIBBEN, Appellate Military Judges.

### OPINION OF THE COURT

O'DONNELL, Judge:

The appellant was convicted of making a false official statement with intent to deceive, wrongfully communicating a threat to kill on two occasions, and robbery, in violation of pertinent provisions of the Uniform Code of Military Justice. His sen-

tence of dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for four years was approved by the convening authority.

The staff judge advocate's abbreviated post-trial review was served on the trial defense counsel in accordance with *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). In his response, the defense counsel contended that the review was deficient in that it did not adequately delineate the convening authority's responsibilities in connection with his review of the case and that it did not advise him of the standard under which he was to consider the staff judge advocate's review. The staff judge advocate, in turn, replied:

> As with other recent reviews, I have omitted these "boilerplate" items because they are not required by law and I regard them as an unnecessary formality since I have previously advised you of these matters and because of your extensive experience as a general court-martial convening authority at Fort Riley and Fort Hood.

In addition to the two areas raised in the *Goode* review, the appellant now asserts that the review was defective in that the staff judge advocate did not advise the convening authority of the maximum authorized punishment.

The gist of the trial defense counsel's assertion is that the staff judge advocate should have informed the convening authority of his responsibilities as set forth in Article 64 of the Code, 10 U.S.C. § 864 [1] and should have advised him that he is not bound by the conclusions and opinions in the review.

■ As to the former, the staff judge advocate summarized the evidence, set forth the elements of the offenses and advised the convening authority that to ap-

prove the findings of guilty he must be satisfied of these elements beyond a reasonable doubt. He did not, however, inform the convening authority that he could, as a matter of discretion, disapprove the findings or the sentence for any reason, to include no reason, a right implicit in Article 64. *See United States v. Massey*, 5 U.S.C. M.A. 514, 18 C.M.R. 138 (1955). As it relates to the convening authority's responsibilities in acting on the findings and sentence, this advice should be included in the review.[2] However, we find no prejudice from its exclusion in the instant case. There is nothing in the record from which we can conclude the convening authority would have found a reason to disapprove the findings or sentence. Moreover, it would be pure speculation to conclude that the convening authority in this case would have been inclined to so act on the findings or sentence for "no reason," had he been advised of this option. *See, e. g., United States v. Massey, supra.*

■ As to the second point raised by the trial defense counsel, it is certainly true that the convening authority is not bound by the staff judge advocate's opinions and recommendations. However, to require the staff judge advocate to state the obvious would serve no useful purpose. There is little danger that the convening authority would feel, to the detriment of the accused, that he had to follow the views of the staff judge advocate, in the absence of erroneous advice to that effect.

■ On the third deficiency asserted by the appellant, there is no requirement in either the Code or the Manual that the maximum punishment be stated in the review, although the need could arise in a particular case to give the convening authority a sufficient frame of reference in determining an appropriate sentence.

---

1. "In acting on the findings and sentence of a court-martial, the convening authority may approve only such findings of guilty, and the sentence or such part or amount of the sentence, as he finds correct in law and fact and as he in his discretion determines should be approved."

2. This is the position taken by Chief Judge Fletcher in his concurring opinion in *United States v. Morrison*, 3 M.J. 408, 409–13 (C.M.A. 1977), in which he called for a more simplified review. *Cf., United States v. Fields*, 9 U.S.C. M.A. 70, 75, 25 C.M.R. 332, 337 (1958).

However, if the staff judge advocate sets forth a maximum sentence, he must state it accurately. *See United States v. Bruce*, 46 C.M.R. 968 (A.C.M.R.1972); *United States v. Knoche*, 46 C.M.R. 458 (A.C.M.R.1972). In the instant case, the military judge determined that the maximum authorized confinement was ten years and three months. The staff judge advocate in his pretrial advice informed the convening authority that the maximum confinement was 13 years and three months. Under the circumstances, the staff judge advocate should have advised the convening authority of the correct maximum. However, as the error was not raised in the *Goode* review, it was waived, in the absence of a manifest injustice. *United States v. Myhrberg*, 2 M.J. 534 (A.C.M.R.1976). We are satisfied that the error did not prejudice the appellant and certainly did not rise to the level of a manifest injustice.

 The staff judge advocate's "boilerplate" response to the *Goode* review, however, is another matter. If the convening authority must be informed as to certain matters, the information must be in the review. It should not be incorporated by reference in reviews any more than in court-martial instructions. *See United States v. Waggoner*, 6 M.J. 77 (C.M.A.1978). There are two basic dangers associated with incorporation by reference. The first is that required advice is omitted from the review and there is no guarantee that the convening authority will make the necessary reference, even in those cases where he has had "extensive experience as a general court-martial convening authority."

■ The second danger associated with incorporation by reference is that, as reviewing authorities, we do not know what advice may have been given on previous occasions, either in formal reviews or unrecorded conversations. We are not prepared to presume the accuracy of such advice. Moreover, the staff judge advocate himself

cannot be assured that the convening authority received adequate and correct advice at some other command. As we cannot determine what standards the convening authority may have employed in acting on the appellant's case, the review is prejudicially inadequate.

The action of the convening authority dated 24 April 1979 is set aside. The record of trial is returned to The Judge Advocate General for a new review and action by a different staff judge advocate and convening authority.[3]

Senior Judge CARNE and Judge DRIBBEN concur.

---

**3.** Other panels of this Court have considered this area with varied results. *See United States v. Cook*, 7 C.M.R. 860 (A.C.M.R.1979); *United States v. Shufford*, 7 C.M.R. 716 (A.C.M.R.1979); *United States v. Williams*, 7 M.J. 725 (A.C.M.R.1979); *United States v. Sankey*, 6 M.J. 790 (A.C.M.R.1978), *pet. denied*, 6 M.J. 301 (C.M.A.1979).