**UNITED STATES, Appellee,**

v.

**Private E-1 Scott E. BOWEN, SSN 505–92–5089, United States Army, Appellant.**

**CM 442858.**

U.S. Army Court of Military Review.

28 Oct. 1983.

**558**

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire, II, JAGC, Captain James A. McAtamney, JAGC, and Captain Robert S. Johnson, Jr., JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain Daniel N. Velling, JAGC, were on the pleadings for appellee.

Before MELNICK, McKAY and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT·

MELNICK, Senior Judge:

Pursuant to his pleas, appellant was convicted of one specification alleging wrongful possession of one gram of cocaine and one specification alleging wrongful transfer of cocaine, both in violation of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). He was sentenced to a dishonorable discharge, confinement at hard labor for one year, and forfeiture of all pay and allowances. The convening authority approved only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for one year, and "total forfeitures for one year."

Appellant alleges several errors on appeal. Initially, he urges that the two specifications at issue here are multiplicious and that Specification 1, which alleges wrongful possession of cocaine, should be dismissed. However, the military judge instructed the court-martial to treat the specifications as multiplicious for sentencing purposes. Since neither of the two specifications, as alleged, are lesser included within the other, we see no basis for any further relief. *United States v. Holt,* 16 M.J. 393 (C.M.A.1983); *United States v. Glover,* 16 M.J. 397 (C.M.A.1983).

Appellant next asserts that the post-trial review here was deficient because it failed to reflect the opinion of the Staff Judge Advocate as to whether: the court was legally constituted and had jurisdiction over the appellant, the appellant's pleas of guilty established his guilt beyond a reasonable doubt, the findings of guilty were correct in law and fact, the pleas were provident and properly accepted by the military judge, any error materially prejudiced the appellant, and appellant was mentally competent both at the time of trial and time of his offenses.

Appellant is correct. The matters noted by appellant are generally included in post-trial reviews and their omission is error. Paragraphs 85b, 86b, Manual for Courts-Martial, United States, 1969 (Revised edition); *see United States v. Lindsey,* 23 U.S. C.M.A. 9, 48 C.M.R. 265 (1974); *United States v. Stevens,* 2 M.J. 488 (A.C.M.R. 1975); *United States v. Davis,* 6 M.J. 874 (A.C.M.R.1979). However, appellant's rebuttal to the post-trial review failed to complain of the omissions he now notes although he attacked the review on other grounds. Appellant's failure to complain constitutes a waiver of these omissions. *United States v. Barnes,* 3 M.J. 406 (C.M.A. 1977); *United States v. Morrison,* 3 M.J. 408 (C.M.A.1977); *United States v. Sankey,* 6 M.J. 790 (A.C.M.R.1978); *United States v. Cook,* 7 M.J. 860 (A.C.M.R.1979); *United States v. Johnson,* 8 M.J. 634 (A.C.M.R.

1979); *United States v. Baughman,* 8 M.J. 545 (C.G.C.M.R.1979).

We see no reason not to invoke waiver. There is no manifest miscarriage of justice here. *See· United States v. Cook, supra.* The only jurisdictional issue raised at trial was separately, and we believe adequately, discussed. Appellant has raised no other jurisdictional issue before us. Sanity was not an issue at trial, and appellant's sanity and mental capacity can be presumed in the absence of anything to the contrary. *United States v. Dotson,* 9 M.J. 542 (C.G.C.M.R. 1980); *United States v. Beckwith,* 12 M.J. 939 (N.M.C.M.R.1982). The providency and adequacy of appellant's guilty pleas was not questioned below nor before us, and the stipulated facts clearly reflect his guilt. Nothing in the record before us suggests any basis for disapproving the findings or sentence. *United States v. Johnson, supra.*

We believe the remaining issues do not merit discussion.

The findings of guilty and the sentence are affirmed.

Judge McKAY and Judge WATKINS concur.