UNITED STATES, Appellee,

v.

Specialist Four Jay M. PIPER, 290–76–8784, United States Army, Appellant.

ACMR 8702730.

U.S. Army Court of Military Review.

31 May 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Ralph L. Gonzalez, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain Cynthia M. Brandon, JAGC (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by general court-martial consisting of officer members. In accordance with his pleas, he was found guilty of conspiracy to possess and distribute marijuana and distribution of 59.04 grams of marijuana. He was sentenced to a bad-conduct discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to Private E–1. Pursuant to a pretrial agreement, the convening authority reduced the confinement to fifteen months but otherwise approved the sentence.

Appellant alleges that the staff judge advocate erred in failing to inform the convening authority in the post-trial recommendation of the acquittal of appellant's co-conspirator. We disagree and affirm.

 Prior to the adoption of the Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M., 1984], this court held that it was error to omit the adjudged sentences of the co-accused from the post-

trial review. *United States v. Cordova,* 7 M.J. 673 (A.C.M.R.1979). However, the requirement for the post-trial review ended with the adoption of the 1984 Manual. Therein, M.C.M., 1984, Rule for Courts–Martial 1106(d) [hereinafter R.C.M.] sets forth the required contents for the staff judge advocate's post-trial recommendation, a document which replaced the post-trial review. A review of R.C.M. 1106(d) discloses no requirement that the convening authority be informed of the acquittal of a co-conspirator. Appellant's trial defense counsel could have submitted corrections or rebuttal to any matter in the recommendation he believed to be erroneous, inadequate, or misleading. *See* R.C.M. 1106(f)(4). Failure of appellant's counsel to comment on any matter in the recommendation in a timely manner waived his claim assuming the existence of error.[1] *See* R.C.M. 1106(f)(6).

The allegations of error, to include those personally raised by appellant, are without merit. The findings of guilty and the sentence are affirmed.

Judge CARMICHAEL, concurs.*

Chief Judge HOLDAWAY took no part in the decision of this case.

---

1. Assuming *arguendo* that the staff judge advocate, in his recommendation, erred by failing to advise the convening authority that the co-conspirator was acquitted, we specifically find that the failure did not constitute plain error.

